719 F.2d 126
 TIDELANDS MARINE SERVICE and Highlands Insurance Company, Petitioners,
v.
Leroy PATTERSON and Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 82-4140.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 10, 1983.
 
 Lawrence J. Ernst, Kevin R. Tully, New Orleans, La., for petitioners.
 Leroy Patterson, Columbus, Miss., pro se, Joshua T. Gillelan, Jr., Washington, D.C., for respondents.
 Petition for Review of an Order of the Benefits Review Board.
 Before POLITZ and JOLLY, Circuit Judges, and HUNTER*, District Judge.
 POLITZ, Circuit Judge:
 
 
 1
 Tidelands Marine Service, Inc. (Tidelands) and its insurer, Highlands Insurance Company (Highlands), petition for review of an order of the Benefits Review Board affirming a supplemental compensation order issued by a deputy commissioner pursuant to the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. Secs. 901-50, as extended by the Outer Continental Shelf Lands Act, 43 U.S.C. Sec. 1333(b). Concluding that the Benefits Review Board has no jurisdiction to review a deputy commissioner's supplemental compensation order which finds an employer in default in the payment of a compensation award, we grant review, vacate the Board's order, and remand with instructions that the appeal be dismissed.
 
 Facts
 
 2
 Leroy Patterson was injured on January 26, 1972 while working for Tidelands on the Outer Continental Shelf. Under the provisions of the LHWCA, Highlands paid Patterson temporary total disability compensation for seven years. Disputing the extent of Patterson's disability, Highlands and Tidelands terminated payments on January 23, 1979. After preliminary proceedings, the dispute was referred to an Administrative Law Judge for an evidentiary hearing to be held on May 1, 1980.
 
 
 3
 At the time appointed for the hearing, the private parties informed the ALJ that they had reached an agreement and presented for approval a proposal which required Highlands and Tidelands to pay Patterson one lump-sum compensation payment of $59,000 plus $6,000 in attorney's fees. Exercising authority presumptively vested by 33 U.S.C. Sec. 908(i)(A), the ALJ approved the compromise settlement by an order signed on May 15, 1980 and filed with the deputy commissioner on May 16, 1980.[1] The order was not appealed.
 
 
 4
 On the day the order was filed, the office of the deputy commissioner mailed a copy to Highlands and Tidelands, along with a reminder that Section 14(f) of the LHWCA, 33 U.S.C. Sec. 914(f), automatically adds 20 percent to the amount of unpaid compensation whenever the sum due is not paid within ten days after the award is filed in the deputy commissioner's office.[2] Highlands received the order on May 21, 1980 and mailed a $65,000 check to Patterson's attorney on June 2, 1980. Patterson's attorney received the payment and executed a "Satisfaction of Award" on June 3, 1980.
 
 
 5
 Patterson promptly wrote to the deputy commissioner, claiming that he was entitled to an additional $11,800 under Sec. 914(f) because the compensation payment had not been made within ten days after the order was filed. On June 11, 1980, the deputy commissioner notified Highlands that its $59,000 payment was late when made and directed payment of $11,800 in additional compensation under Sec. 914(f). Highlands' attorney responded by asserting that their payment had been timely and that, in any event, the Satisfaction of Award foreclosed any further claim by Patterson. The deputy commissioner rejected both assertions.
 
 
 6
 On July 23, 1980, the deputy commissioner issued a supplemental order, the effect of which was to find Tidelands and Highlands in default for more than thirty days in the payment of the $11,800 in additional compensation due under Sec. 914(f).[3] In essence, the deputy commissioner found that the original $59,000 compensation award was due and payable upon its filing on May 16, 1980; that, due to the failure of Tidelands and Highlands to make this payment within ten days of the filing, $11,800 in additional compensation automatically became due under Sec. 914(f); that the $59,000 payment on June 2, 1980 thus was $11,800 short of the total amount then due; and that, therefore, on July 23, 1980 Tidelands and Highlands had been in default in the payment of this $11,800 for more than thirty days.
 
 
 7
 Tidelands and Highlands appealed the deputy commissioner's July 23, 1980 order to the Benefits Review Board. After assuming jurisdiction of the appeal under 33 U.S.C. Sec. 921(b)(3),[4] the Board reviewed the merits and affirmed the deputy commissioner's order, stating that the "issuance of the Supplemental Compensation Order was fully in accordance with law." Tidelands and Highlands petitioned this court for review of the Board's decision and sought a stay of the supplemental award pending judicial review. We granted the requested stay.
 
 Analysis
 
 8
 Under the explicit terms of Sec. 918(a), a deputy commissioner's supplemental default order is "final" when issued, and review of the order is available only in an enforcement proceeding in the "Federal district court for the judicial district in which the employer has his principal place of business or maintains an office, or for the judicial district in which the injury occurred." Thereafter, review of any judgment entered by the district court "may be had as in civil suits for damages at common law." See also 33 U.S.C. Sec. 921(d). The section provides a quick and inexpensive mechanism for the prompt enforcement of unpaid compensation awards, a theme central to the spirit, intent, and purposes of the LHWCA.
 
 
 9
 Thus, notwithstanding the general grant of jurisdiction of the Benefits Review Board contained in 33 U.S.C. Sec. 921(b)(3), we are persuaded Congress intended that actions for the enforcement of orders declaring default in the payment of compensation due under either Sec. 914(f) or any other substantive section of the LHWCA are to be brought in the district court and, only subsequent thereto, by appeal to the appropriate court of appeals. Accordingly, such "final" orders are not appealable to the Benefits Review Board.[5]
 
 
 10
 We hold that the Benefits Review Board had no jurisdiction to review the deputy commissioner's order of July 23, 1980, which necessarily found Tidelands and Highlands in default in the payment of the $11,800 in additional compensation. Accordingly, we vacate our earlier stay, grant review, vacate the decision and order of the Board, and remand with instructions to dismiss the appeal.
 
 
 11
 Petition for review GRANTED; stay VACATED; order VACATED; REMANDED with instructions.
 
 
 
 *
 District Judge of the Western District of Louisiana, sitting by designation
 
 
 [1]
 Because a compensation order becomes "effective when filed in the office of the deputy commissioner," 33 U.S.C. Sec. 921(a), the ALJ's order approving the compromise settlement became effective on May 16, 1980. The term "effective" in Sec. 921(a) is equivalent to the terms "due" and "due and payable" in Secs. 914(f) and 918(a), respectively. Thus, the $59,000 award was due and payable on May 16, 1980
 
 
 [2]
 Section 914(f) provides:
 If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid at the same time as, but in addition to, such compensation, unless review of the compensation order making such award is had as provided in section 21 and an order staying payment has been issued by the Board or court.
 This section is self-executing; the 20 percent additional compensation automatically becomes due immediately upon the expiration of the ten-day period following the filing of the compensation order with the deputy commissioner.
 
 
 [3]
 Although the deputy commissioner entitled his order an "Award of Compensation Under Section 14(f)," and although the Benefits Review Board on appeal referred to the order merely as being one based upon a "Section 14(f) assessment," it is clear that in substance the order was a "supplementary order declaring the amount of the default" within the meaning of Section 18(a) of the LHWCA, 33 U.S.C. Sec. 918(a). The characterization of the order by the deputy commissioner and the Board is not binding on the court. For jurisdictional purposes we view the order appealed from as a Sec. 918(a) compensation default order. That which looks like a duck, walks like a duck, and quacks like a duck will be treated as a duck even though some would insist upon calling it a chicken
 Section 918(a) provides, in pertinent part:
 In case of default by the employer in the payment of compensation due under any award of compensation for a period of thirty days after the compensation is due and payable, the person to whom such compensation is payable may, within one year after such default, make application to the deputy commissioner making the compensation order [f]or a supplementary order declaring the amount of the default. After investigation, notice, and hearing, as provided in section 19, the deputy commissioner shall make a supplementary order, declaring the amount of the default, which shall be filed in the same manner as the compensation order.... The applicant may file a certified copy of such supplementary order with the clerk of the Federal district court for the judicial district in which the employer has his principal place of business or maintains an office, or for the judicial district in which the injury occurred.... Such supplementary order of the deputy commissioner shall be final, and the court shall upon the filing of the copy enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with law. Review of the judgment so entered may be had as in civil suits for damages at common law.... Final proceedings to execute the judgment may be had by writ of execution in the form used by the court in suits at common law in actions of assumpsit. No fee shall be required for filing the supplementary order nor for entry of judgment thereof, and the applicant shall not be liable for costs in a proceeding for review of the judgment unless the court shall otherwise direct....
 
 
 [4]
 Section 921(b)(3) provides, in pertinent part:
 The Board shall be authorized to hear and determine appeals raising a substantial question of law or fact taken by any party in interest from decisions with respect to claims of employees under this Act and the extensions thereof. The Board's orders shall be based upon the hearing record. The findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole....
 
 
 [5]
 Tidelands and Highlands advance several reasons why the $59,000 payment was timely when mailed on June 2, 1980. Because of our threshold jurisdictional holding we do not reach and express no opinion regarding the validity of the supplemental compensation order