Francis E. LAUZON, III,
Plaintiff-Appellee,

v.

STRACHAN SHIPPING
COMPANY, Defendant,

Texas Employers' Insurance Association,
Defendant-Appellant.

No. 85–2285
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 10, 1985.

Fulbright & Jaworski, Gray H. Miller, Houston, Tex., for defendant-appellant.

Joel W. Ellis, II, Galveston, Tex., for plaintiff-appellee.

Before RUBIN, JOHNSON and JONES, Circuit Judges.

JOHNSON, Circuit Judge:

Texas Employers' Insurance Association ("Texas Employers'") appeals from the district court's grant of summary judgment in favor of Francis Lauzon ("Lauzon") enforcing an award against the appellants of twenty percent of Lauzon's original Longshoremen's and Harbor Workers' Compensation Act award as a penalty for late payment of the original award. *See* 33 U.S.C. §§ 914(f), 918(a). The judgment of the district court is affirmed in all respects. 602 F.Supp. 661.

## I. FACTS AND PROCEDURAL HISTORY

On December 14, 1977, while working for Strachan Shipping Company ("Strachan"), Francis Lauzon was injured. On June 13, 1980, Strachan's insurance carrier, Texas Employers', entered into a $25,000.00 lump-sum settlement with Lauzon pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950. The settlement was approved by and filed in the office of a deputy commissioner of the Department of Labor on June 13, 1980. Lauzon received payment on June 26, 1980, the thirteenth day after the order was filed. On that same day, Lauzon filed an application for a twenty percent penalty under 914(f)[1], asserting that he was entitled to the penalty allowed by that statutory provision because the award had not been paid within ten days of filing.

The deputy commissioner conducted an investigation, determined that no hearing was necessary, and declared that the compensation award of $25,000.00 had been in default at the time it was paid. The deputy commissioner assessed against Strachan and Texas Employers' a penalty of twenty percent of the original amount as additional compensation for late payment. Strachan and Texas Employers' appealed to the Benefits Review Board of the Department of

---

1. 33 U.S.C. § 914(f) provides in pertinent part:
   If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid at the same time as, but in addition to, such compensation, unless review of the compensation order making such award is had as provided in section 921 of this title and an order staying payment has been issued by the Board or court.

Labor which reversed the deputy commissioner's order. In January 1984, this Court vacated the Review Board's order and reinstated the award.[2] In the same month, Lauzon filed a complaint in federal district court to enforce the order awarding additional compensation. Lauzon subsequently moved for summary judgment and the motion was granted. Texas Employers' motion for a new trial was denied. Texas Employers' then filed this appeal.

## II. DISCUSSION

Texas Employers' first alleges that the district court erred in holding that its payment of the original award was untimely. Second, Texas Employers' asserts that the grant of summary judgment was improper because a factual issue was presented which raised equitable reasons for not assessing the penalty against it. Finally, Texas Employers' argues that the original award of the deputy commissioner was improper because it was made without a formal hearing before an administrative law judge. After careful consideration of Texas Employers' arguments, this Court is convinced that the district court correctly decided this case. The judgment of the district court is affirmed.

### A. *Timeliness of Payment*

Texas Employers' makes two arguments in support of its contention that payment was made timely. First, Texas Employers' argues that Fed.R.Civ.P. 6(e) applies to this factual situation and that it gave Texas Employers' three extra days to pay the original compensation award. Second, Texas Employers' asserts that either because of the course of dealings between it and Lauzon, or by express agreement of Lauzon's wife, payment was made when the check became available to Lauzon at Texas Employers' place of business. This Court addresses these contentions in order.

### (1) *Application of Rule 6(e)*

Texas Employers' argues that it actually had thirteen days in which to pay the award. This thirteen day period is calculated by taking the ten days permitted by the LHWCA and adding three days as provided by Fed.R.Civ.P. 6(e). According to Texas Employers', "Rule 6(e) extends by three days the ten day period that is otherwise allowed by section [9]14(f) to satisfy ... the award." Appellant's Brief at 30. Since it is undisputed that payment was made within thirteen days, payment would be timely under Texas Employers' theory, and the twenty percent assessment would then be improper.

Fed.R.Civ.P. 6(e) provides:

**Additional Time After Service by Mail.** Whenever a party has the right or is required to *do some act* or take some proceedings *within a prescribed period after the service of a notice* or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.

(emphasis added). Texas Employers' asserts that it was entitled to three extra days because the LHWCA provides that the employer is to be notified by mail of an award. *See* 33 U.S.C. §.919(e).

The Federal Rules of Civil Procedure "apply to proceedings for enforcement or review of compensation orders under ... U.S.C., Title 33, §§ *918*, 921, except to the extent that matters of procedure are provided for in that Act." Fed.R.Civ.P. 81(a)(6) (emphasis added). Although section 914 is not mentioned specifically in rule 81(a)(6), this Court has held that "a 'Section [9]14(f) assessment,' ... [is] a 'supplementary order declaring the amount of the default' within the meaning of section [9]18(a) of the LHWCA." *Tidelands Marine Service v. Patterson,* 719 F.2d 126,

---

**2.** In *Lauzon v. Strachan Shipping Co.,* 724 F.2d 128, slip op. at 2 (5th Cir.1984) (per curiam) (unpublished), this Court held that the Benefits Review Board lacked jurisdiction over supplementary default orders issued pursuant to section 914(f). *Lauzon* followed *Tidelands Marine*

*Service v. Patterson,* 719 F.2d 126, 129 (5th Cir. 1983), which held that "review of the [deputy commissioner's supplemental default] order is available only in an enforcement proceeding" in federal district court.

128 n. 3 (5th Cir.1983). Thus, Texas Employers' presents a strong argument that the Rules apply to the instant penalty assessment. Nevertheless, this Court need not decide that issue and we expressly reserve it.

■ The general applicability of the Federal Rules of Civil Procedure to section 914(f) assessments need not be determined because even if the Rules of Civil Procedure apply in this context, Rule 6(e) does not afford Texas Employers' the relief it seeks. Rule 6(e) grants three additional days to a party "required to do some act or take some proceedings *within a prescribed* period *after the service* of a notice or other paper upon him" when service is by mail. Fed.R.Civ.P. 6(e). Because section 914 requires action within ten days of filing, as opposed to service, Rule 6(e) is inapplicable.

First, this Court has stated:

Section [914(f)] is self-executing; the 20 percent additional compensation automatically becomes due immediately upon the expiration of the ten-day period following the *filing* of the compensation order with the deputy commissioner.

*Tidelands*, 719 F.2d at 128 n. 2 (emphasis added).

Second, this approach is consistent with the rationale of *Welsh v. Elevating Boats, Inc.*, 698 F.2d 230 (5th Cir.1983), and that rationale applies equally to the instant case. According to *Welsh*, the fact that notice is to be served by mail is not dispositive. The correct inquiry is whether the required actions must be performed within a prescribed period of *filing* or of *service*. If the act is to be taken after filing, the time for action begins to run from that date. If the act is to be taken after service, the three day extension of either Fed. R.App.P. 26(c) or Fed.R.Civ.P. 6(e) applies. *Welsh* involved a notice of appeal issue, but it also cited for the stated proposition a case involving payment of costs. *See Clements v. Florida East Coast Railway Co.*, 473 F.2d 668 (5th Cir.1973).

The statute involved in this case is clear. According to section 914(f), an award must be "paid within ten days *after it becomes due*," 33 U.S.C. § 914(f) (emphasis added). An award becomes "effective" when "*filed* in the office of the deputy commissioner....*" 33 U.S.C. § 921(a) (emphasis added). This Court has stated that "[t]he term 'effective' in § 921(a) is equivalent to the terms 'due' and 'due and payable' in §§ 914(f) and 918(a), respectively." *Tidelands*, 719 F.2d at 127 n. 1. Consequently, in the instant case, the time for payment started running when the award was *filed*, and not when Texas Employers' was *served*. Rule 6(e) does not provide Texas Employers' with relief in this instance.

### (2) *Arrangement with Plaintiff*

Texas Employers' next argues that payment was not late in this case because "payment should be considered to have been made at the time the check was made available to claimant." Appellant's Brief at 18. Texas Employers' asserts that payment was made in this case for two alternate reasons. First, Texas Employers' asserts that because of its prior course of dealings with Lauzon, it justifiably relied on its assumption that Lauzon would come to Texas Employers' office and pick up the check. Second, Texas Employers' argues that it had an express agreement with Lauzon's wife that Lauzon would pick up the check at Texas Employers' office.[3]

---

**3.** This Court quotes Texas Employers' representations regarding these agreements. For purposes of this appeal, we accept them as true.

On June 20, 1980, the Carrier issued its draft in the amount of the settlement and waited for the Claimant to pick up the draft. The reason the draft was not mailed to the Claimant on that date is that *the Claimant, when he came by the Carrier's office in Galveston on May 30, 1980, to sign the settlement papers, was told that once the settlement was* approved the check would be available in the Carrier's office for him to pick up. *This was in keeping with a longstanding arrangement between the Claimant and the Carrier* that was requested by the Claimant and designed solely for the Claimant's convenience. The Claimant worked in Galveston but lived in Alta Loma, and when his working hours did not preclude his doing so, he often personally pick [sic] up his bi-weekly compensation checks. When his working hours conflicted,

This Court holds that a course of conduct such as the one alleged here is insufficient as a matter of law to constitute "payment" for purposes of the LHWCA. Moreover, an express agreement with some third person other than the claimant is also insufficient as a matter of law.

First, the language of the LHWCA requires that compensation "be paid ... *directly to the person* entitled thereto...." 33 U.S.C. § 914(a) (emphasis added). This Court is hard put to understand how issuing and holding a check in the office of the insurer is payment *directly to* the claimant.

Second, section 915 states that no agreement by an employee to waive the employee's right to compensation shall be valid. The District of Columbia Circuit applied this provision to an alleged waiver of the section 914(e) penalty. That court stated, "it is well established that the 'right to additional compensation under section [9]14(e) cannot be waived.'" *Director, Office of Workers' Compensation Programs v. Cooper Associates*, 607 F.2d 1385, 1387 (D.C.Cir.1979) (brackets, citation and footnote omitted). Likewise, this Court does not believe that additional compensation under section 914(f) can be waived by an implied agreement. To imply an agreement from a previous course of dealings is tantamount to holding that a claimant can waive the penalty by his or her prior actions. This Court hesitates to go so far.[4] Furthermore, this Court refuses to hold that an express agreement with some third party, even the claimant's spouse, is sufficient to constitute "payment." It is not unreasonable, given section 914(a), to require the employer or its insurer to deal *directly* with the claimant.

Finally, this Court has stated that section 914(f) coupled with section 918(a) "provides a quick and inexpensive mechanism for the prompt enforcement of unpaid compensation awards, a theme central to the spirit, intent, and purposes of the LHWCA." *Tidelands*, 719 F.2d at 129. It would be inconsistent with that intent to adopt an amorphous definition of "payment." The definition sought by Texas Employers' would indicate that payment is made merely because a spouse agreed that the claimant would pick up the check or that payment is made because the claimant "agreed" to pick up the check only because

---

or when the Claimant was not working and would have had to make a special trip to pick up his check, the Carrier, at the Claimant's request, mailed the check to him.
Appellant's Brief at 4–5 (emphasis added). This Court reads these assertions to mean that Texas Employers' alleges that because of the prior dealings between the parties, Texas Employers' was entitled to imply an agreement with Lauzon that Lauzon would also pick up the check this time. Texas Employers' makes no assertion that there was an *express* agreement between it and Lauzon.

Texas Employers' also asserts that an express agreement existed between it and Lauzon's wife:

Finally, on Sunday, June 22, 1980, Mrs. Celeste [Texas Employers' representative] reached the Claimant's wife by telephone and informed her that the draft was available in the Carrier's office. The Claimant was not home at that time. When Mrs. Celeste told the Claimant's wife the check was available, the Claimant's wife said she would notify the Claimant to stop by and pick up the draft the following day, Monday, June 23, 1980. Apparently, the Claimant's wife was having complications with a pregnancy and was under medication at the time of the June 22, 1980,

conversation with Mrs. Celeste, although Mrs. Celeste was unaware of that at the time. When the Claimant did not pick up the check on either Monday or Tuesday, Mrs. Celeste, on Wednesday, June 25, 1980, again telephoned the Claimant's residence and again reached the Claimant's wife. The Claimant's wife explained to Mrs. Celeste the problem with the pregnancy and the fact that she was under medication, and stated that due to her medicated condition, she had forgotten to tell her husband about the check. Mrs. Celeste then offered to hand deliver the check to the Claimant, but by that time the Claimant had instructed his wife not to accept the check. Appellant's Brief at 6.

4. Texas Employers' asserts that this holding means that if the employee expressly agrees to pick up the check, the employee, in bad faith, may simply breach the agreement and make the employer liable for the penalty. This Court holds in the instant case only that we will not imply such an express agreement from a prior course of dealings. We leave for another day the question of whether an express agreement to pick up the check, coupled with the employer making the check available to the claimant, constitutes "payment."

he or she had done so in the past. Such a holding would spawn litigation over whether, under innumerable sets of facts, a claimant has been "paid." Such a rule undermines the intent of the statute as well as the statutory system that this Court has termed "self-executing."

## B. *Equitable Considerations*

Texas Employers' also argues that its evidence of a course of dealing with Lauzon and its evidence of an agreement with Lauzon's wife made the delay in payment reasonable. Texas Employers' argues that this evidence raises an issue of fact as to *whether enforcement of the section 914 penalty provision is equitable in this instance.* On this basis, Texas Employers' argues that summary judgment was improper.

This Court holds that section 914(f) does not admit to an exception for late payment for equitable reasons. Texas Employers' argument fundamentally misconstrues section 914(f). Section 914(f) provides that if compensation "is not paid within ten days after it becomes due, there *shall* be added to such unpaid compensation" the twenty percent penalty. 33 U.S.C. § 914(f) (emphasis added). "This section is self-executing; the 20 percent additional compensation *automatically* becomes due *immediately* upon the expiration of the ten-day period...." *Tidelands,* 719 F.2d at 128 n. 2 (emphasis added). Section 914(f) is a penalty provision that applies "in every instance" where payment is late, leaving the deputy commissioner without "any discretion" whether to assess the penalty. *Providence Washington Insurance Co. v. Director, Office of Workers' Compensation Programs,* 765 F.2d 1381, 1385 (9th Cir.1985) (relying on *Tidelands* ).

*Providence Washington Insurance* held that the only relevant facts in determining whether to grant a section 914(f) award are (1) the date the payment has become due, (2) whether ten days have elapsed from that date without the employer making payment, or obtaining a stay, and (3) the

amount due and the calculation of the 20 percent penalty. *Id.* The first and last facts are undisputed, and the second fact is resolved as a matter of law in this case. The additional facts Texas Employers' discusses at length are simply not material. Because summary judgment is appropriate where "there is no genuine issues as to any *material* fact," Fed.R.Civ.P. 56(c) (emphasis added), the district court properly entered summary judgment in this case.

## C. *Hearing Requirement*

Texas Employers' asserts that the deputy commissioner was obligated to set a hearing before an administrative law judge to determine the validity of its defenses to the late payment. This Court holds that the alleged course of dealings and agreement, even if true, do not constitute payment in this case as a matter of law. Consequently, there was nothing to be decided at a hearing.

Texas Employers' argument that a formal hearing was required is based on statutory language indicating that a finding of default must be based on an investigation, notice, and a *hearing.* 33 U.S.C. § 918(a). Such a hearing is to be held in accordance with 5 U.S.C. § 554. 33 U.S.C. § 919(d). However, a disposition of an application for supplementary compensation can be made without a hearing where there is agreement regarding the issue of late payment. *See* 20 C.F.R. § 702.372(a). Similarly, the deputy commissioner can issue an order "[f]ollowing an informal conference at which agreement is reached on all issues." 20 C.F.R. § 702.315(a). As discussed above, the *material* facts in this case were undisputed. Although the legal ramifications of those facts were disputed, this Court has resolved that dispute as a matter of law. Consequently, the deputy commissioner properly entered the order without a formal hearing.

## III. CONCLUSION

The judgment of the district court is AFFIRMED.