784

Fred QUAVE, Claimant,

v.

**PROGRESS MARINE, Employer (Dolphin Titan Intl. Inc.), American Home Assurance Company c/o American International Adjusting Company, Insurance Carrier.**

Civ. A. Misc. No. 2823.

United States District Court,
E.D. Louisiana.

Sept. 8, 1989.

Joseph J. Weigand, Jr., Weigand, Weigand & Meyer, Houma, La., for Fred Quave.

Lance S. Ostendorf, Kathleen K. Charvet, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., for Progress Marine & American Home Assur. Co.

Robert J. Young, Jr., Young, Richaud, Theard & Myers, New Orleans, La., for Dolphin Titan Intl. Inc.

CHARLES SCHWARTZ, Jr., District Judge.

On May 5, 1989, plaintiff Fred Quave ("Quave") filed an "Application for Entry of Judgment Pursuant to United States Code 33 Section 918," seeking to enforce a "Supplemental Compensation Order Declaring Default" issued by Deputy Commissioner Donnette S. Glenn on March 22, 1989. Shortly thereafter, defendants Progress Marine, Inc. ("Progress Marine"), plaintiff's employer, and American Home Assurance Company c/o American International Adjusting Company ("American Home"), Progress Marine's insurer, filed a Motion to Dismiss plaintiff's Application for Entry of Judgment. Following oral argument and the submission of additional memoranda, defendants' motion to dismiss was taken under submission. For the following reasons, defendants' motion to dismiss is hereby GRANTED.

BACKGROUND

Plaintiff is a claimant seeking Longshore and Harbor Workers' Compensation Act benefits from his employer and his employer's insurance carrier. On December 2, 1987, an Administrative Law Judge ("ALJ") issued a "Decision and Order on Remand," pursuant to which the ALJ de-

termined that plaintiff was entitled to temporary total disability benefits for a specified time period, as well as permanent partial disability benefits for a time period extending from 1978 to 1987. However, the ALJ did not calculate the specific amount of plaintiff's permanent partial disability benefits.[1] Instead, the ALJ directed the deputy commissioner to make the appropriate calculations based upon "the difference between Claimant's average weekly wages of $397.48 at the time of injury and his post-injury wage earning capacity of $106.00 per week [minimum wage] commencing September 5, 1978, and continuing thereafter, . . . ." The ALJ further directed the deputy commissioner to adjust the claimant's wage earning capacity to "reflect the increases in minimum wage since 1978."

On December 11, 1987, despite the deputy commissioner's failure to calculate the precise amount of plaintiff's benefits, defendants mailed plaintiff a check in the amount of $90,002.47, which reflected the amount which defendants estimated plaintiff's temporary total and permanent partial disability benefits to be. Subsequently, plaintiff filed with the Office of Workers' Compensation Programs, Seventh Compensation District, an application for a "20% penalty" plus the difference between what plaintiff estimated his benefits to be and what defendants estimated plaintiff's benefits to be. In a March 22, 1989 "Supplemental Compensation Order Declaring Default," the deputy commissioner made the following calculations:

(1) That plaintiff's temporary total disability benefits were $3,017.08; and,

(2) That plaintiff's permanent partial disability benefits were $97,067.96.

Based on these calculations the deputy commissioner determined that defendants owed plaintiff $7,065.49 in permanent partial disability benefits. The deputy commissioner further determined that pursuant to the provisions of 33 U.S.C. § 914(f), defendants owed plaintiff $19,413.59 (20% of

$97,067.96) as a penalty for untimely payment of plaintiff's permanent partial benefits; and that defendants owed plaintiff interest in the amount of $11,293.63.

The Court's review of this matter, pursuant to the provisions of 33 U.S.C. § 918, is limited. A district court may review a deputy commissioner's supplemental compensation order for the purpose of determining whether the order is "in accordance with law and accurate as to the amount in default. . . ." *Henry v. Gentry Plumbing & Heating Co.*, 704 F.2d 863, 864 (5th Cir. 1983). Having undertaken such a review, the Court finds that the deputy commissioner's supplemental compensation order is inaccurate as to the amount in default.

As stated earlier, the ALJ ordered that plaintiff was entitled to compensation for permanent partial disability "with the claimant's earning capacity to be periodically adjusted to reflect the increase in minimum wage." However, in her supplemental compensation order declaring default, the deputy commissioner used the 1978 minimum wage of $106.00 per week; (40 hours @ $2.65 per hour) as a constant for the calculation of the permanent partial disability award from 1978 to 1987. Defendants submit, and the Court agrees, that the deputy commissioner should have adjusted the permanent partial disability rate over the course of 484 weeks to reflect the increase in minimum wage from 1978 to 1987. As referenced in the report of Kenneth J. Boudreaux, Ph.D. (a copy of which is annexed hereto), the minimum wage rates increased as follows:

| | |
|---|---|
| 1/ 1/78 through 12/31/78 | $2.65 per hour |
| 1/ 1/79 through 12/31/79 | 2.90 per hour |
| 1/ 1/80 through 12/31/80 | 3.10 per hour |
| 1/ 1/81 through 12/31/81 | 3.35 per hour |

Using the proper minimum wage rates, Professor Boudreaux calculates that plaintiff's temporary total and permanent partial disability compensation totals $89,320.86. Having determined that Professor Boudreaux's calculations are correct, the Court hereby adopts said calculations and finds that plaintiff's temporary total and

---

1. The ALJ also failed to calculate the specific amount of plaintiff's temporary total disability payments; however, defendants do not allege that the amount of plaintiff's temporary total disability benefits, as calculated by the deputy commissioner, was incorrect.

permanent partial benefits equal $89,-320.86. Since defendants delivered to plaintiff a check in the amount of $90,-002.47, a sum greater than the amount actually owed, the deputy commissioner clearly erred in assessing against defendants an additional $7,065.49 in permanent partial disability benefits.

It is equally clear that the deputy commissioner erred in assessing against defendants the sum of $19,413.59 as a penalty pursuant to the provisions of 33 U.S.C. § 914(f). 33 U.S.C. § 914(f) provides, in pertinent part, as follows:

> If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid at the same time as, but in addition to, such compensation....

In the instant action, it is undisputed that plaintiff's permanent partial disability compensation became due on Wednesday, December 2, 1987, the date on which the ALJ's Decision and Order was filed in the Office of the Deputy Commissioner, Seventh District Office. It is also undisputed that plaintiff received his compensation payment from defendants on Tuesday, December 15, 1987. It is equally clear, pursuant to the provisions of § 914(f), that defendants were required to pay plaintiff his compensation within ten (10) days from December 2, 1987, or be subject to a penalty in the amount of 20% of the compensation due. The dispute arises with regard to when this ten (10) day time limit expired. Specifically, whether December 15, 1987, the date on which plaintiff received his compensation payment, is or is not within this ten (10) day time limitation. For the following reasons, the Court finds that Tuesday, December 15, 1987, is within the ten (10) day time limitation.

■ Federal Rule of Civil Procedure 6(a) provides, in pertinent part, that when a period of time prescribed by statute is less than eleven (11) days, intermediate Saturdays and Sundays shall be excluded in computing the applicable time limitation. The Federal Rules of Civil Procedure are made applicable to the Longshore and Harbor Workers' Act by F.R.C.P. 81(a)(6). Rule 81(a)(6) provides that the Federal Rules of Civil Procedure "apply to proceedings for enforcement or review of compensation orders under the Longshoremen's and Harbor Workers' Compensation Act ... except to the extent that matters of procedure are provided for in that Act...." There is no provision in the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901, *et seq.*, which provides a method by which the ten (10) day time limitation in 33 U.S.C. § 914(f) should be calculated. Accordingly, the provisions of Rule 6(a) become the applicable method by which the ten (10) day time limitation is to be calculated.[2] When the intermediate Saturdays and Sundays are excluded from the time period of Wednesday, December 2, 1987 (the date plaintiff's compensation payment became due) to Tuesday, December 15, 1987 (the date plaintiff received his compensation payment), it becomes clear that plaintiff timely received his payment.[3]

In arguing that Rule 6(a) is not applicable to the pertinent ten (10) day time limitation, plaintiff relies on a series of administrative law judge and benefit review board decisions wherein the ten (10) day limit was calculated without excluding intermediate Saturdays and Sundays. However, all of these decisions were decided prior to 1985. Prior to 1985, the pertinent provision of Rule 6(a) provided that intermediate Saturdays and Sundays could be excluded only if the time limitation was less than seven (7) days. Thus, contrary to plaintiff's assertion, intermediate Saturdays and Sundays were included in these pre–1985 time computations not because Rule 6(a), as a general rule, is inapplicable to Section 914(f) of

---

**2.** *See* Wright & Miller, Federal Practice and Procedure: Civil 2d § 1163 for a good discussion regarding the benefits of applying F.R.C.P. 6 to time limitations contained in federal statutes such as the Longshore and Harbor Workers' Compensation Act.

**3.** The ten (10) day time limit, excluding intermediate Saturdays and Sundays, expired on Wednesday, December 16, 1987.

the Longshore and Harbor Workers' Act; but instead, simply because the time limitation prescribed by § 914(f) was too long to fall under the pre–1985 version of Rule 6(a).

Plaintiff also relies on *Lauzon v. Strachan Shipping Co.*, 782 F.2d 1217 (5th Cir.1985), for the proposition that the Federal Rules of Civil Procedure in general (and Rule 6(a) in particular) are inapplicable to the time limitation of § 914(f). However, plaintiff's reliance is misplaced. In *Lauzon*, the Fifth Circuit specifically declined to reach the issue regarding the "general applicability of the Federal Rules of Civil Procedure to section 914(f) assessments...." *Lauzon*, 782 F.2d at 1220. Instead, the Court determined that even if the Rules of Civil Procedure applied, Rule 6(e) (the pertinent rule which the defendant/employer sought to apply) did not afford defendant relief since its provisions apply only when a party is required to do some act following *"service* of notice or other paper upon him. [Emphasis original.]" § 914(f) requires a party to do some act (specifically, to pay compensation bene-

fits) following *"filing* of the compensation order with the deputy commissioner. [Emphasis original.]" As such, "Rule 6(e) is inapplicable." *Id.*

With regard to interest payments, the ALJ properly ordered that defendants pay plaintiff "interest in accordance with 28 U.S.C. § 1961 on all past due benefits outstanding." Since plaintiff's benefits became due on December 2, 1987 and plaintiff did not receive those payments until December 14, 1987, defendants owe plaintiff interest, at the rate prescribed by the ALJ, for the period from December 2, 1987 to December 14, 1987.[4] Accordingly;

IT IS HEREBY ORDERED that defendants' motion to dismiss plaintiff's application for entry of the deputy commissioner's March 22, 1989 supplemental compensation order is GRANTED.

IT IS FURTHER ORDERED that defendants pay plaintiff interest, as directed above, with defendants' overpayment of disability benefits to be credited toward the amount of interest owed.

### APPENDIX

### KENNETH J. BOUDREAUX, Ph.D.
### CONSULTING ECONOMIST

June 12, 1989

A.B. FREEMAN
SCHOOL OF BUSINESS
TULANE UNIVERSITY
NEW ORLEANS, LA 70118–5669
504–865–5400

Ms. Kathleen K. Charvet
McGlinchey
643 Magazine Street
New Orleans, LA 70130

Re: Fred R. Quave vs. Progress Marine

Dear Ms. Charvet:

I have reviewed the data in the matter above and have relied upon a Decision and Order on Remand (U.S. Department of Labor) dated 11/30/87 and a Supplemental Compensation Order Declaring Default (U.S. Department of Labor) dated 3/22/89 to determine losses.

---

**4.** In calculating the amount of interest owed, defendants are to receive credit for their over- payment of disability benefits.

As I understand the order, Mr. Quave was entitled to compensation based upon a rate of two-thirds of his weekly wage of $397.48 for the periods 12/16/75 through 1/13/76 and 9/22/77 through 12/ 1/77. For the period 9/ 5/78 through 12/14/87, he was entitled to compensation equal to two-thirds of the difference between his weekly wage and his earning capacity calculated at the Federal minimum wage, which was $2.65 per hour as of 9/ 5/78. Mr. Quave's earning capacity was to be adjusted to reflect subsequent changes in the Federal minimum wage rate (page 11 of the Decision).

I calculate the following losses.

### Temporary Total Disability

| | | |
|---|---|---|
| 12/16/75 through 1/13/76 | 4 1/7 weeks @ $264.99 = | $ 1,097.82 |
| 9/22/77 through 12/ 1/77 | 10 1/7 weeks @ $264.99 = | 2,687.76 |
| SUBTOTAL | | $ 3,785.58 |

### Credit Temporary Total Disability

| | | |
|---|---|---|
| 12/16/75 through 1/13/76 | 4 1/7 weeks @ $185.50 = | $ —768.50 |
| SUBTOTAL | | $ 3,017.08 |

Ms. Charvet
June 12, 1989
Page 2 of Quave

### Permanent Partial Disability

| | | |
|---|---|---|
| 9/ 5/78 through 12/31/78 | 16$\frac{6}{7}$ weeks @ $194.32 = | $ 3,275.68 |
| 1/ 1/79 through 12/31/79 | 52$\frac{1}{7}$ weeks @ $187.65 = | 9,784.61 |
| 1/ 1/80 through 12/31/80 | 52$\frac{2}{7}$ weeks @ $182.32 = | 9,532.73 |
| 1/ 1/81 through 12/14/87 | 362$\frac{5}{7}$ weeks @ $175.65 = | 63,710.76 |
| Unpaid temporary total disability (from page 1) | = | 3,017.08 |
| Total due under Order | | $89,320.86 |

I base the losses above on the following minimum wage rates, as indicated in Table 654, page 395, Statistical Abstract of the United States, 1988, U.S. Department of Commerce, Bureau of the Census:

| | |
|---|---|
| 1/ 1/78 through 12/31/78 | $2.65 per hour |
| 1/ 1/79 through 12/31/79 | 2.90 per hour |
| 1/ 1/80 through 12/31/80 | 3.10 per hour |
| 1/ 1/81 through 12/14/87 | 3.35 per hour |

I hope this analysis is of use to you. Should you have questions, please do not hesitate to contact me. My invoice to date is attached.

Sincerely,
[Signature]
Kenneth J. Boudreaux, Ph.D.
Dan M. Cliffe, CPA