912 F.2d 798
 1991 A.M.C. 2408, 17 Fed.R.Serv.3d 1360
 Fred QUAVE, Claimant, Plaintiff-Appellant, Cross-Appellee,
v.
PROGRESS MARINE, Employer, and American Home Assurance Co.,
c/o American International Adjusting Co.,
Insurance Carrier, Defendants-Appellees,
Cross-Appellants.
 No. 89-3779.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 24, 1990.
 
 Joseph J. Weigand, Jr., Weigand, Weigand & Meyer, Houma, La., for plaintiff-appellant cross-appellee.
 Lance S. Ostendorf, Robert J. Killeen, Jr., Kathleen K. Charvet, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., for defendants-appellees cross-appellants.
 Appeals from the United States District Court For the Eastern District of Louisiana.
 Before REAVLEY, DUHE, and WIENER, Circuit Judges.
 DUHE, Circuit Judge.
 
 
 1
 Plaintiff appeals the district court's reversal of the Deputy Commissioner's award of statutory penalties and original defendants appeal the district court's determination that plaintiff was entitled to interest and to attorney's fees. We dismiss defendant's appeal of the award of attorney's fees for lack of jurisdiction and affirm the remainder.
 
 
 2
 Fred Quave filed a claim seeking Longshore and Harbor Worker's Compensation benefits from his employer, Progress Marine, Inc., and its insurer, American Home Assurance Company. On December 2, 1987, the Administrative Law Judge (ALJ) ordered the payment of compensation benefits to Quave. The ALJ did not calculate the amount of these benefits but directed the Deputy Commissioner to do so. The Deputy Commissioner did not make that determination. Defendant made an estimation of plaintiff's benefits and mailed a check for $90,002.47 to claimant on December 11, 1987.
 
 
 3
 Upon receipt of the check plaintiff filed a motion for more compensation on the grounds that the defendants had underestimated the required payment and for an assessment of a 20% penalty pursuant to 33 U.S.C. Sec. 914(f) for untimely payment. The Deputy Commissioner determined that the defendants owed plaintiff $7,065.49 in additional benefits, $19,413.59 in penalties under 33 U.S.C. Sec. 914(f), and $11,293.63 in interest. Plaintiff then sought to enforce this supplemental compensation order in district court pursuant to 33 U.S.C. Sec. 918. The district court concluded that the Deputy Commissioner erred in awarding the plaintiff additional benefits and in assessing a penalty pursuant to 33 U.S.C. Sec. 914(f). The court found that defendants had actually made an overpayment of compensation to the plaintiff and ordered that such overpayment be credited against the post-judgment interest award. The district court later amended its judgment to include an award of pre-judgment interest. Then defendants' counsel filed a motion for attorney's fees. In the subsequent weeks, both plaintiff and defendants filed notices of appeal. Several weeks after these notices were filed, the district court granted plaintiff's motion for attorney's fees.
 
 Timeliness of Payment
 
 4
 Quave contends that the district court erred by finding the payment of compensation benefits to be timely. All parties agree that pursuant to 33 U.S.C. Sec. 914(f) "[i]f any compensation ... is not paid within 10 days after it becomes due, there shall be added to such unpaid compensation an amount equal to twenty per centum[.]" It is undisputed that Quave's compensation benefits became due on December 2, 1987, the date the ALJ's Decision and Order was filed in the Office of the Deputy Commissioner. It is also undisputed that Quave received his compensation payment on December 15, 1987. The district court, applying Fed.R.Civ.P. 6(a)[1] excluded the intermediate Saturdays and Sundays in computing the applicable time limit. In doing so it found that the payment received on December 15, 1987 was timely. Quave argues that 29 C.F.R. Sec. 18.4 governs the computation of the ten day limitation period rather than Fed.R.Civ.P. 6(a). 29 C.F.R. Sec. 18.4 does not exclude weekends,[2] and accordingly, the 20% penalty provision of 33 U.S.C. Sec. 914(f) would be appropriate. In Lauzon v. Strachan Shipping Co., 782 F.2d 1217 (5th Cir.1985) we reserved the issue of whether the Federal Rules of Civil Procedure apply to a Sec. 914(f) penalty assessment. We did note, however, that "[t]he Federal Rules of Civil Procedure 'apply to proceedings for enforcement or review of compensation orders under ... U.S.C., Title 33, Secs. 918, 921, except to the extent that matters of procedure are provided for in' " the LHWCA. Id. at 1219 (citing Fed.R.Civ.P. 81(a)(6) (emphasis added)).[3] 29 CFR Sec. 18.4 is not within the LHWCA.
 
 
 5
 "Although Sec. 914 is not mentioned specifically in Rule 81(a)(6), this Court has held that [an order based upon] 'a "Section 14(f) assessment," ... [is] a "supplementary order declaring the amount of the default" within the meaning of Section 18(a) of the LHWCA.' " Lauzon, 782 F.2d at 1219 (citing Tidelands Marine Service v. Patterson, 719 F.2d 126, 128 n. 3 (5th Cir.1983)). Coupling the plain language of Fed.R.Civ.P. 81(a)(6) with this Court's reasoning in Tidelands[4] we conclude that the district court's determination that Fed.R.Civ.P. 6(a) governs was proper.Award of Interest
 
 
 6
 Next defendants argue that the addition of interest to past due compensation payments should not be allowed because there is no statutory provision under the LHWCA authorizing such an award. They concede that this Court has held to the contrary in Strachan Shipping Co. v. Wedemeyer, 452 F.2d 1225 (5th Cir.1971), but contend that Strachan is not controlling here because it relied upon a statutory provision, 33 U.S.C. Sec. 914(m), that has been repealed. Defendants' contention is without merit. The Strachan court did not rely on Sec. 914(m). Indeed the court rejected the very argument defendants now advance and reasoned that interest could be awarded under the LHWCA despite the absence of express statutory authorization. Id. at 1228-30.
 
 Award of Attorney's Fees
 
 7
 We do not here need to decide whether the district court erred in awarding attorney's fees to claimant's counsel, because the notice of appeal filed on that judgment is insufficient. The appeal before us was filed several weeks before the judgment awarding attorney's fees was entered. Fed.R.App.P. 3(c) states that "[t]he notice of appeal shall specify the party or parties taking the appeal; [and] shall designate the judgment, order or part thereof appealed from."
 
 
 8
 The notices of appeal filed by appellants and appellees here designated only the district court's judgment of October 25, 1989. That judgment makes no reference to attorney's fees. Accordingly, we DISMISS defendants' appeal of the attorney's fees award for lack of jurisdiction and AFFIRM the remainder.
 
 
 
 [1]
 Fed.R.Civ.P. 6(a) provides in part:
 In computing any period of time prescribed or allowed by these rules ... the day of the act ... from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or a legal holiday[.] ... When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.
 
 
 [2]
 29 C.F.R. Sec. 18.4 states in part: "[w]hen the period of time prescribed is seven (7) days or less, intermediate Saturdays, Sundays, and holidays shall be excluded in the computation."
 
 
 [3]
 In Jourdan v. Equitable Equipment Co., 889 F.2d 637 (5th Cir.1989) we again recognized that the Rules of Civil Procedure apply to LHWCA matters except to the extent that matters of procedure are provided for in that Act. However, we held that service with a summons and complaint as required by Fed.R.Civ.P. 4 was inapplicable to LHWCA enforcement proceedings because proper enforcement procedures are provided for in the Act. Id. at 639
 
 
 [4]
 Referring to an order finding defendants in default for more than 30 days in the payment of additional compensation under Sec. 914(f) we viewed, for jurisdictional purposes, the order as a Sec. 918(a) compensation default order. "That which looks like a duck, walks like a duck, and quacks like a duck, will be treated as a duck even though some would insist upon calling it a chicken." Tidelands, 719 F.2d at 128 n. 3