IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10052
Summary Calendar

_____

JOE CASTRO,

Plaintiff-Appellant,

versus

SCOTT A. ANDERSON; STONEWALL MEMORIAL HOSPITAL,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:00-CV-76
- - - - - - - - - -
September 17, 2001

Before DUHÉ, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Joe Castro, a Texas citizen, appeals from the district court's denial of his "Motion to Enlarge Time and for New Trial," which he filed under FED. R. CIV. P. 59(e) following the court's granting of the defendants' summary-judgment motion in this 42 U.S.C. § 1983 civil rights action. The court had granted summary judgment without considering Castro's response, based on Castro's having filed the response untimely under N.D. TEX. R. 7.1(e).

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although Castro's "Motion to Enlarge Time and for New Trial" was filed within 10 days after the entry of judgment and was thus sufficient to preserve an appeal of the underlying judgment, see Lockett v. Anderson, 230 F.3d 695, 700 (5th Cir. 2000), Castro has briefed no argument with respect to the merits of the district court's summary-judgment ruling.  He has thus waived any challenge to the merits of such decision.  Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).

Castro argues only that the court should have *reconsidered* its summary-judgment ruling by considering his untimely response to the defendants' summary-judgment motion.  Castro was not entitled to an extra three days of time under FED. R. CIV. P. 6(e) because he was not acting "after the service of a notice or some other paper," but after the "filing" of the defendants' motion.  See Rule 6(e); Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465, 468 (5th Cir. 1998); Lauzon v. Strachan Shipping Co., 782 F.2d 1217, 1220 (5th Cir. 1985).  His response to the defendants' motion was untimely by a full week, so the alleged malfunctioning of his attorney's fax machine three days after the conclusion of the 20-day period for responding to the defendants' motion could not constitute excusable neglect.

AFFIRMED.