United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20353

(Summary Calendar)

_____

LARRY MARTIN, JR.,

                    Plaintiff - Appellant,

v.

AKZO NOBEL POLYMER CHEMICALS LLC; CHAD ANDERSON; MARTY MARTINEZ;
BILLY RIDDEN; STERLIN BRYANT; JASON RUSSELL; STEVE PATTON; DEBBIE
SULLIVAN,

                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
No. 4:03-CV-5446

_____

Before SMITH, GARZA, AND PRADO, Circuit Judges.

PER CURIAM:[*]

    Appellant Larry Martin, Jr. appeals from the district
court's order denying his motion for reconsideration of summary
judgment.  Martin brought suit against his employer Akzo Nobel
Polymer Chemicals, L.L.C. ("Akzo") for racial discrimination and

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

retaliation.[1]  After the district court narrowed the issues through dismissal, Akzo filed its motion for summary judgment on the remaining two claims on November 29.  Martin alleges he filed his response on December 22; however, the district court has no record that he did so.  The district court considered only the parties' pleadings and Akzo's motion when it granted summary judgment in Akzo's favor.  Martin sought reconsideration of the judgment under Rule 60(b) of the Federal Rules of Civil Procedure.

In his motion for reconsideration, Martin claimed that he had filed his response by depositing two copies in the district clerk's after-hours drop box in time for receipt on December 22, 2004.  He alleged that a Federal Marshal witnessed this deposit.  Yet, under the local rules, Martin's filing of his response is considered untimely.  Rule 7 of the Local Rules for the United States District Courts of the Southern District of Texas states, in pertinent part: "Opposed motions will be submitted to the judge twenty days from filing without notice from the clerk and without appearance from counsel."  S.D. Tex. R. 7.3.  The rule continues: "Responses to motions . . . [m]ust be filed by the

---

[1] Martin alleged: (1) retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; (2) discriminatory termination in violation of 42 U.S.C. § 1981; (3) conspiracy in retaliatory discharge and discrimination under 42 U.S.C. § 1985(3); (4) wrongful discharge and termination under 42 U.S.C. § 2000e-3(a); and (5) retaliatory discharge under the Texas Labor Code § 21.055.  The district court dismissed the latter three claims, leaving only two claims before it.

2

submission day." S.D. Tex. R. 7.4. Akzo filed its motion for summary judgment on November 29, 2004. Thus, according to the local rules, Martin should have filed his response on December 19, 2004. Martin claimed that Rule 7 conflicts with Federal Rule of Civil Procedure 6(e), such that the federal rule supersedes the local rule, extending his deadline to December 22, 2004, and rendering his response timely.

Also in his motion for consideration, Martin explained why the clerk's office had no record of his filing on December 22, 2004. After learning that the district court considered summary judgment without the benefit of Martin's response, Walter Polk, Jr., an employee of Martin's attorney, made inquiries at the district court's clerk office. Two individuals in the clerk's office informed Polk that, because it was newly implementing an electronic filing system, the office had inadvertently shredded some briefs before scanning them into the system. Martin alleged that the clerk's office accidentally destroyed both copies of his summary judgment response, justifying relief from the judgment as a "mistake" under Rule 60(b).

The district court denied Martin's motion for reconsideration on March 23, 2005, and Martin appeals.

Standard of Review

This court reviews the denial of a motion for relief from judgment under Rule 60(b) for abuse of discretion. Am. Totalisator Co. v. Fair Grounds Corp., 3 F.3d 810, 815 (5th Cir.

3

1993); <u>Fed. Sav. & Loan Ins. Corp. v. Kroenke</u>, 858 F.2d 1067, 1069 (5th Cir. 1988). We review only the denial of Martin's Rule 60(b) motion, because an appeal from a Rule 60(b) denial does not require review of the underlying judgment. <u>See Prior Prods., Inc. v. Southwest Wheel-NCL Co.</u>, 805 F.2d 543, 545 (5th Cir. 1986).

<u>Discussion</u>

Martin argues that the district court abused its discretion in not granting him Rule 60(b) relief because his response was not timely filed due to mistake, inadvertence, or excusable neglect "from whatever source."[2] Rule 60(b) gives courts discretion to reopen judgment based on, <u>inter alia</u>, mistake, inadvertence, surprise, or excusable neglect. FED. R. CIV. PRO. 60(b)(1). Although Martin does not admit to having made a mistake, it is undisputed that Martin submitted his response to the district court <u>after</u> December 19, 2004.

Martin maintains that Local Rule 7 conflicts with Rule 6(e) of the Federal Rules of Civil Procedure and that he in fact <u>timely</u> submitted his response because the federal rules trump the

---

[2] Martin argues directly that he should have been granted Rule 60(b) relief for the clerk's office mistake in shredding both copies of his summary judgment response before scanning the response into its electronic filing system. Because Martin concedes he deposited his response in the clerk's after-hours drop box three days after the deadline dictated by the scheduling order and Local Rule 7, we need not reach the question of whether the clerk's office's alleged shredding of Martin's response amounts to mistake or inadvertence for purposes of Rule 60(b).

4

local rules, which gave him an additional three days to file his response. Rule 6(e) extends deadlines tied to service of process by mail. It states, "[w]henever a party must or may act within a prescribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the prescribed period would otherwise expire under subdivision (a)." FED. R. CIV. P. 6(e). Because Local Rule 7 requires action within twenty days of filing, as opposed to service, Rule 6(e) is inapplicable. See Lauzon v. Strachan Shipping Co., 782 F.2d 1217 (5th Cir. 1985) (holding that Rule 6(e) did not extend the period in which a workers' compensation carrier was required to pay a compensation award under the Longshore and Harbor Workers' Compensation Act where the Act required payment within ten days of filing of the order, as opposed to within ten days of service of notice provided for in the rule). Rule 6(e) applies to those obligations triggered by service, not filing. Contrary to Martin's belief, the fact that Akzo served Martin with a copy of its summary judgment motion by mail does not implicate Rule 6(e), because Martin's deadline depended on the date that Akzo filed its summary judgment motion with the court.

To the extent that Martin views his error as excusable neglect under Rule 60(b)(1), he is mistaken. Martin's ignorance of local rules or misconstruction of their applicability does not constitute excusable neglect under Rule 60(b)(1). Bohlin Co. v. Banning Co., 6 F.3d 350, 357 (5th Cir. 1993) ("Gross

5

carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief."). In addition, Martin's misinterpretation of the Rule 6(e) does not constitute the type of excusable neglect required to reopen a case under Rule 60(b)(1). Midwest Employers Casualty Co. v. Williams, 161 F.3d 877 (5th Cir. 1998) (holding that the misinterpretation of Rule 6(e) did not rise to the level of excusable neglect, where the plaintiff-appellee believed he had three additional days to file a motion for a new trial because the court's judgment was served by mail).

Because Martin's misinterpretation of Local Rule 7 and the Rule 6(e) of the Federal Rules of Civil Procedure are not excusable under Rule 60(b), the district court did not abuse its discretion in denying Martin's motion for reconsideration of summary judgment. We AFFIRM the order of the district court.