# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2021

Lyle W. Cayce
Clerk

No. 19-10864
Summary Calendar

JOHN C. CREUZOT,

*Plaintiff—Appellee*,

*versus*

ALVIN GREEN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-404

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

John C. Creuzot filed an action against Alvin Green under the Anti-Cybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 8131. Creuzot alleged that, shortly after Creuzot announced his candidacy for Dallas County District Attorney, Green registered three Internet domain

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

names featuring Creuzot's name without Creuzot's consent.  Green asked for money in exchange for giving up the domain names.

Creuzot sought and obtained a preliminary injunction to prevent Green from using the names.  After Green's ownership of the names lapsed in 2018, the district court dismissed the case as moot in July 2019 (July Judgment).  The district court ruled that Creuzot was entitled to costs and attorney's fees as the prevailing party, with the amount of fees to be quantified later, after submission of evidence.  When Creuzot submitted evidence as to the fees, Green did not respond but filed a timely notice of appeal from the July Judgment.  About four months later, the court entered an order quantifying the fees and costs.  On appeal, Green contends only that the award of attorney's fees was unwarranted and that the fees were excessive.

A judgment on the merits and an award of attorney's fees are separate judgments and separately appealable.  *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 201-03 (1988).  Where a notice of appeal refers only to the judgment, it does not bring the fee issue before the court, absent circumstances not present here.  *See NCNB Texas Nat. Bank v. Johnson*, 11 F.3d 1260, 1269 (5th Cir. 1994) (citing *Quave v. Progress Marine*, 912 F.2d 798, 801 (5th Cir. 1990)).  In *NCNB*, we reasoned that the "notice of appeal did not, and could not, designate an order that did not then exist."  *NCNB*, 11 F.3d at 1269.  Green's notice of appeal mentioned only the July Judgment, not the fee award.

In addition, "an order awarding attorney's fees or costs is not reviewable on appeal until the award is reduced to a sum certain."  *Southern Travel Club v. Carnival Air Lines*, 986 F.2d 125, 131 (5th Cir. 1993).  Thus, even if Green wished to challenge only the legal basis of the fee award, and not the amount, he cannot do so.  *See id*.  Accordingly, neither the basis nor

the amount of the fee award is properly before us.  Green's appeal of the fee award must be dismissed for lack of jurisdiction.

As to any appeal of the July Judgment, Green asserts only in passing and in a conclusional manner that he did not violate § 8131 and that Creuzot was not the prevailing party.  He cites no authority in support of either proposition.  Moreover, he repeatedly states that the "sole issue" on appeal is whether fees should have been awarded.  Green has thus abandoned any appeal of the July Judgment. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  To the extent Green may purport to appeal the July Judgment, the judgment must be affirmed.

The appeal is DISMISSED in part and AFFIRMED in part.