Eva Q. JOURDAN, Widow of Elliot
Jourdan, Deceased Employee,
Plaintiff–Appellee,

v.

EQUITABLE EQUIPMENT COMPANY,
Defendant–Appellant.

No. 89–3125.

United States Court of Appeals,
Fifth Circuit.

Dec. 7, 1989.

Peter L. Hilbert, Jr. and Darnell Bludworth, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., for defendant-appellant.

Thomas S. Derveloy, Jr., and James I. Regan, Covington, La., for plaintiff-appellee.

Before CLARK, Chief Judge, GEE and JOLLY, Circuit Judges.

CLARK, Chief Judge:

## I.

Equitable Equipment Company (Equitable) appeals from a district court judgment enforcing a Supplemental Order of Default against Equitable for the payment of benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA" or "Act"). 33 U.S.C. §§ 901–950. Equitable contends that the district court erred in entering judgment because the requirements of Rule 4 of the Federal Rules of Civil Procedure, section 18(a) of the LHWCA, 33 U.S.C. § 918(a), and due process were not satisfied. We affirm.

## II.

On June 6, 1985, Elliot Jourdan died of mesothelioma. His condition resulted from long exposure to asbestos during his employment with Equitable. Mrs. Eva Q. Jourdan, Elliot's widow, filed a claim for death benefits under the LHWCA. In June of 1987, an administrative law judge (ALJ) conducted a hearing on the claim. Equitable was represented at the hearing by counsel who also represented Equitable's current insurance carrier, Employer's Insurance of Wausau (Wausau). The ALJ determined that Equitable was liable for death benefits but that Wausau was not the responsible carrier. On March 17, 1988, the ALJ entered an order requiring Equitable to pay the benefits (Compensation Order).

On July 14, 1988, Equitable filed a notice of appeal and a petition for a stay of the Compensation Order with the Benefits Review Board of the United States Department of Labor (BRB). Equitable claimed that the ALJ erred in failing to determine which of Equitable's former insurance carriers was liable for the benefits. The BRB dismissed Equitable's appeal as untimely. See 33 U.S.C. § 921(a) (appeal must be taken within 30 days). Equitable does not appeal the BRB's dismissal.

After waiting almost three months for payment, Mrs. Jourdan applied to the Deputy Commissioner of the Department of Labor (Deputy Commissioner) for a supplemental order of default. On September 14, 1988, the Deputy Commissioner issued the order against Equitable (Supplemental Order). After waiting an additional three months without receiving payment, Mrs. Jourdan filed a petition in the district court under LHWCA section 18(a) for enforcement of the Supplemental Order. 33 U.S.C. § 918(a). The district court entered judgment against Equitable on December 13, 1988. In response, Equitable filed a Motion for a New Trial or, in the Alternative, Relief From Judgment. The motion was denied.

Equitable now appeals, contending that the district court erred in entering judgment on the Supplemental Order because Equitable was not served with a summons and complaint as required by Rule 4 of the Federal Rules of Civil Procedure. Alternatively, Equitable contends that the Supplemental Order was not made "in accordance with law" as required by section 18(a) of the LHWCA. Equitable also claims that it was denied due process because it never received notice and a hearing before the

district court entered judgment. Because Rule 4 does not apply to enforcement proceedings under section 18(a), and Equitable has failed to show that it suffered any substantial prejudice, we affirm.

### III.

■ Rule 81(a)(6) of the Federal Rules of Civil Procedure (Federal Rules) provides that the Federal Rules "apply to proceedings for enforcement or review of compensation orders under the [LHWCA] ... *except to the extent that matters of procedure are provided for in that Act.*" (Emphasis added). Equitable argues that the district court erred in entering judgment because Equitable was not served with a summons and complaint as required by Rule 4 of the Federal Rules, which Equitable asserts is made expressly applicable to LHWCA enforcement proceedings by Rule 81(a)(6). Equitable maintains that the appropriate procedure for enforcing a supplemental order of default is to serve the employer or insurer with a summons and complaint and then to move for summary judgment. We disagree.

Section 18(a) of the LHWCA outlines the procedures to be used in obtaining and enforcing a supplemental order of default. The Deputy Commissioner must investigate the claimant's application, provide notice of the claim to interested parties, and give the parties an opportunity for a hearing. 33 U.S.C. § 918(a); *see* id. § 919. After resolving any disputes about the amount of compensation due or payments allegedly made, the Deputy Commissioner calculates the amount of the default, enters and files a supplemental order of default, and notifies the responsible party. *Id.* §§ 918(a), 919(e).

The claimant may then petition the district court for enforcement. *Id.* § 918(a). By way of instruction to the district court, section 18(a) provides:

> Such supplementary order of the deputy commissioner shall be final, and the [district] court shall upon the filing of the copy enter judgment for the amount declared in default....

This imperative language directs the district court upon the filing of a copy of the order to enter judgment without further process. It does not leave room for the imposition of additional procedural requirements such as those contained in Rule 4. Therefore, Rule 4 is inapplicable to section 18(a) proceedings because the proper enforcement procedures "are provided for in [the] Act." Fed.R.Civ.Proc. 81(a)(6).

Clearly expressed congressional intent fully supports the plain language of the Act and the Federal Rules. Section 18(a) was designed to provide a "quick and inexpensive mechanism for the prompt enforcement of unpaid compensation awards, a theme central to the spirit, intent, and purposes of the LHWCA." *Tidelands Marine Serv. v. Patterson,* 719 F.2d 126, 129 (5th Cir.1983). Engrafting the requirements of Rule 4 onto the procedures established in section 18(a) would cause additional delay and expense and would frustrate Congress' intent to get compensation into the injured workers' hands as quickly as possible. *See Henry v. Gentry Plumb. & Heat. Co.,* 704 F.2d 863, 865 (5th Cir.1983). We conclude that Rule 4 does not apply to section 18(a) enforcement proceedings.

Equitable argues alternatively that the district court erred in entering judgment against Equitable because the Supplemental Order was not "in accordance with law" as required by section 18(a) of the Act. 33 U.S.C. § 918(a). Equitable asserts that it received no written notice of Mrs. Jourdan's application for a supplemental order of default and was not given the opportunity for a hearing. Equitable further contends that the Supplemental Order should have stated which of Equitable's former insurance carriers is responsible for the benefits. Equitable also asserts that Mrs. Jourdan failed to file a "certified copy" of the Supplemental Order in the district court. Id. We reject these contentions.

■ Equitable does not dispute that payments were due under the Compensation Order, that no payments were made, or that the Deputy Commissioner correctly calculated the default and provided Equitable a copy of the Supplemental Order.

In fact, Equitable admits that the Deputy Commissioner telephoned beforehand to inform Equitable that she was going to enter the Supplemental Order. Nor does Equitable persuasively argue that the copy of the Supplemental Order filed in the district court was not a true and correct copy. Therefore, the errors asserted by Equitable were harmless.

■ The only colorable argument that Equitable asserts is that the Supplemental Order should have designated which of Equitable's former insurance carriers is responsible for the benefits. The issue of which carrier is ultimately liable for Mrs. Jourdan's benefits should have been raised in the proceedings before the ALJ and appealed to the BRB after the ALJ issued the Compensation Order. Neither the Deputy Commissioner's scope of investigation nor the district court's scope of review in proceedings to enforce a supplemental order of default includes the substance of the underlying compensation order. *Abbott v. Louisiana Ins. Guarantee Assoc.*, 889 F.2d 626 (5th Cir.1989). Therefore, Equitable forfeited its right to raise the issue when it failed to appeal the Compensation Order to the BRB in a timely manner. Equitable cannot raise it in these enforcement proceedings.

Equitable's final argument is that it was denied due process because it received no notice of Mrs. Jourdan's petition to enforce the Supplemental Order until after the district court had already entered judgment. We disagree.

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965)). Equitable has had ample opportunity to be heard in these proceedings. Equitable was a full participant in the administrative proceedings before the ALJ. After the ALJ entered the Compensation Order, Equitable was free to seek review of the ALJ's decision before the BRB and this Court. Equitable failed to do so in a timely manner.

■ The fact that the Deputy Commissioner failed to give Equitable formal notice and hold a hearing before entering the Supplemental Order does not change the result. The "proof of denial of due process in an administrative proceeding requires a showing of substantial prejudice." *Ka Fung Chan v. INS*, 634 F.2d 248, 258 (5th Cir.1981). Equitable's only colorable claim of prejudice was that the Supplemental Order should have designated the responsible carrier. We have rejected that contention. Equitable can offer no other argument that it suffered any substantial prejudice.

■ Finally, the district court's entry of judgment before Equitable was actually notified of Mrs. Jourdan's enforcement petition did not deny Equitable due process. The LHWCA provides that the opportunity for notice and a hearing in section 18(a) proceedings is to be provided by the Deputy Commissioner before the district court enforces the supplemental order of default. Equitable failed to prove any substantial prejudice resulted from that omission. Therefore, Equitable was not denied due process. *See Ka Fung Chan*, 634 F.2d at 258.

IV.

The judgment of the district court is AFFIRMED.