William K. SCHMIT, Plaintiff,

v.

**FEDERAL ELECTRIC INTERNATIONAL,** Defendant,

and

**Director, Office of Workers' Compensation Programs, United States Department of Labor, Administrator, Intervenor.**

No. 91 C 3697.

United States District Court, N.D. Illinois, E.D.

Dec. 26, 1991.

William K. Schmit, pro se.

Gregory P. Sujack, Garofalo, Hanson, Schreiber & Vandlik, Chicago, Ill., for Federal Elec. Intern.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

### Introduction

Plaintiff William Schmit instituted this action pursuant to 33 U.S.C. § 918(a) to enforce a supplementary order issued by a deputy commissioner of the Office of Workers' Compensation Programs ("OWCP") of the United States Department of Labor. On October 10, this court entered default judgment against Schmit's employer, Federal Electric International, Inc., and against Federal Electric's insurance carrier, Cigna. In an oral ruling in open court on December 19, 1991, this court vacated the October 10 judgment by default, but then ordered judgment under 33 U.S.C. § 918(a) in favor of Schmit and against Federal Electric and Cigna. In view of the dearth of Seventh Circuit opinions on point, the court has decided to issue this memorandum opinion in order to commit to writing the reasons for the ruling.

### Background

Schmit worked for Federal Electric in Thule, Greenland as a power plant specialist at a United States Air Force Base. He sustained a work-related injury to his neck and arms and filed a claim for workers compensation under the Longshore and Harbor Workers' Compensation Act, as amended, 33 U.S.C. §§ 901–950 (1988), and as extended to private employees under the Defense Base Act, 42 U.S.C. §§ 1651–1654. The Defense Base Act incorporated large parts of the Longshore and Harbor Workers' Compensation Act. 42 U.S.C. § 1651(a) states that, "Except as herein modified, the provisions of the Longshoremen's and Harbor Workers' Compensation Act ... shall apply...."

A formal administrative hearing was held pursuant to 33 U.S.C. § 919 before Administrative Law Judge Robert Mahoney. ALJ Mahoney issued a decision and order stating that Schmit was entitled to compensation. The deputy commissioner of the Office of Workers Compensation (now titled district director) filed the order on May 14, 1990. Federal Electric then appealed that decision to the Benefits Review Board under 33 U.S.C. § 921(b) and also applied for a stay of Schmit's compensation benefits. The Board denied the stay, ruling that Federal Electric had failed to demonstrate the irreparable injury that would ensue if it paid Schmit pending the appeal. § 921(b) requires a showing of irreparable injury in order for the Benefits Review Board to issue a stay. The employer's appeal to the Board remains pending, B.R.B. # 90–1557 BLA.

Even after the Board's denial of the stay, Federal Electric failed to pay the amount ordered by ALJ Mahoney in May of 1990. Schmit then applied to the Office of Workers Compensation Programs (OWCP) in Chicago for a supplementary order declaring Federal Electric in default. He applied for the supplementary order under 33 U.S.C. § 918(a) which allows for such supplementary orders.

The supplementary order was granted on April 1, 1991 by District Director Thomas Hunter. It included a declaration that Federal Electric was in default in the amount of $87,836.96 plus interest of $28,675.18, the sums that Federal Electric was ordered to pay on May 14, 1990. The supplementa-

ry order then imposed an additional assessment of $17,567.39 (20% of the $87,836.96). The additional assessment was authorized under 33 U.S.C. § 914(f).

The supplementary order recites that on February 7, 1991, the attorney for Federal Electric's "insurance carrier/adjustor" Cigna was notified of Schmit's request for a Supplementary Order and was also "referred to Section 18 of the [Longshore and Harbor Workers'] Act." The attorney for Cigna was the same as for Federal Electric. The Supplementary Order states that there was no response to the notice.

Thomas Hunter, the District Director, certified that on April 1, 1991, he mailed by certified mail a copy of the Supplementary Order to Cigna, Federal Electric's Insurance Carrier and to Greg Sujack of Garofalo, Hanson, Schreiber & Vandlik, the law firm representing both Cigna and Federal Electric. The entire Supplementary Order was certified on May 7, 1991 by an Authentication Officer of the Department of Labor.

Schmit still received no payment, notwithstanding the certified Supplementary Order. Schmit then turned to this court. He filed a copy of the certified supplementary order with the court under 33 U.S.C. § 918(a), a provision of the Longshore and Harbor Workers Act incorporated into the Defense Base Act with modifications. Taking into account the modifications of the Defense Base Act (modifications located at 42 U.S.C. § 1653(b) and identified below with parentheses), 33 U.S.C. § 918(a) states:

> The applicant may file a certified copy of such supplemental order with the clerk of the Federal district court for the judicial district (wherein is located the office of the deputy commissioner whose compensation order is involved). Such supplementary order of the deputy commissioner shall be final, and the court shall upon the filing of the copy enter judgment [f]or the amount declared in default by the supplementary order if such supplementary order is in accordance with law. Review of the judgment so entered may be had as in civil suits for damages

at common law. Final proceedings to execute the judgment may be had by writ of execution in the form used by the court in suits at common law in actions of assumpsit. No fee shall be required for filing the supplementary order nor for entry of judgment thereon, and the applicant shall not be liable for costs in a proceeding for review of the judgment unless the court otherwise directs. The court shall modify such judgment to conform to any later compensation order upon presentation of a certified copy thereof to the court.

No complaint was filed in this court. In addition, no summons was issued on Defendant nor was any notice of filing of any sort. According to the passage just quoted from 33 U.S.C. § 918(a), no complaint is required; only a certified copy of the supplementary order need be filed. The court is then directed by the statute to enter judgment "for the amount declared in default by the supplementary order if such supplementary order is in accordance with law."

On October 10, 1991, this court entered an order of judgment by default against the Defendant, Federal Electric. Eleven days later, on October 21, 1991, Federal Electric filed a motion for relief from the October 10 judgment. On November 14, 1991, the Director of the Office of Workers' Compensation of the U.S. Department of Labor filed a motion to intervene on behalf of Mr. Schmit which this court granted.

### Defendant's Motion For Relief from Judgment

A. Jurisdiction

█ In its motion to vacate the default judgment, Federal Electric argued that the court lacks subject matter jurisdiction to issue judgment on the supplementary order. Federal Electric apparently has abandoned its jurisdictional argument as it does not refer to that argument in its reply brief. Moreover, as discussed above, this court does in fact have jurisdiction thanks to 42 U.S.C. § 1653(b) which modified 33 U.S.C. § 918(a) and which creates jurisdic-

tion in the judicial district wherein a district director issues a supplementary order. In this case, a Chicago district director issued the supplementary order so jurisdiction exists in the Northern District of Illinois.

### B. Vacating the Default Judgment

 According to Rule 55 Fed.R.Civ. Pro., "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided *by these rules,*" default judgment may be entered. (emphasis supplied). Rule 55 thus makes clear that a default judgment in the federal courts is warranted when a defendant fails an obligation *created by the Federal Rules* to plead or defend. In this case, the Defendant did not fail an obligation of the federal rules. No complaint was ever filed in this action (only a certified copy of the supplementary order was), and Defendant was not given notice or a summons. Rule 7 requires a complaint and Rule 4 requires the delivery of a summons. Rule 12(a) states that "a defendant shall serve an answer within 20 days after the service of the summons and complaint upon that defendant." Because there was no complaint and no summons, Rule 12 did not impose on the Defendant the obligation to answer or otherwise defend. Therefore, default judgment under Rule 55 was improper, because Federal Electric did not "fail[ ] to plead or otherwise defend as provided by *these rules.*" Consequently, the court's October 10 entry of default judgment is vacated.

### C. Judgment Warranted under 33 U.S.C. § 918(a)

Although the entry of default judgment is vacated, judgment in favor of Mr. Schmit is still warranted. As quoted above, 33 U.S.C. § 918(a) states in part:

> The applicant may file a certified copy of such supplemental order with the clerk of the Federal district court for the judicial district [wherein is located the office of the deputy commissioner whose compensation order is involved]. *Such supplementary order of the deputy commissioner shall be final, and the court*

> *shall upon the filing of the copy enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with law.*

Accordingly, the court shall upon the filing of the certified copy of the supplementary order enter judgment for the amount declared in default if "such supplementary order is in accordance with law." The court believes that its review of the supplementary order is limited to ensuring that the district director followed the procedures of 33 U.S.C. § 918(a).

 Defendant wants to challenge the Benefit Review Board's denial of the stay, but 33 U.S.C. § 918(a) limits this court's authority to review the entry of a supplementary order to a determination as to whether the supplementary order was "in accordance with law." As the Fifth Circuit has explained, the "in accordance with law" review is limited to a review of whether the district director followed the procedures provided in § 918(a) before he issued the supplementary order. *See Abbott v. Louisiana Insurance Guaranty Ass'n,* 889 F.2d 626 (5th Cir.1989) *cert. denied,* 494 U.S. 1082, 110 S.Ct. 1813, 108 L.Ed.2d 944 (1990). "The district court's scope of review in section 18(a) enforcement proceedings is limited to the lawfulness of the supplemental orders of default and does not include the procedural or substantive correctness of the underlying compensation orders.... Allowing [district court] review of underlying compensation orders in proceedings to enforce supplemental orders of default could cause additional delay and expense and frustrate Congress' intent to get compensation into the injured workers' hands as quickly as possible." *Id.* at 629. This court's review thus is statutorily limited to ensuring that the procedural provisions of § 918(a) were followed by the district director.

§ 918(a) requires the district director (or deputy commissioner—the titles were recently changed) to (i) investigate the claimant's application, (ii) provide notice of the claim to interested parties, (iii) and give the parties an opportunity for a hearing. Mr.

Hunter's certified supplementary order states that he followed those procedures prior to issuing the supplementary order and Defendant has failed to allege otherwise.

Congress intended the district court to play a very limited role in executing the Longshore and Harbor Workers' Act. Factfinding is to be done at the administrative level and judicial review of administrative orders is to be had only in the Court of Appeals. *See* 33 U.S.C. § 921(c). Congress intended to restrict the role of the district court to enforcing administrative orders. *See* 33 U.S.C. §§ 918(a), 921(d). Accordingly, Federal Electric should have raised its various constitutional arguments on appeal to the Seventh Circuit when its request for a stay was denied.

■ Contrary to Federal Electric's assertion, the Benefit Review Board's denial of the stay was an appealable collateral order subject to immediate review by the Seventh Circuit. *See* 33 U.S.C. § 921(c). *See Edwards v. Director, OWCP*, 932 F.2d 1325 (9th Cir.1991); *Rivere v. Offshore Painting Contractors*, 872 F.2d 1187 (5th Cir.1989). Federal Electric should have made its arguments that the stay was improperly denied or that the anti-stay provision and the Longshore and Harbor Worker's Act as a whole are unconstitutional on appeal to the Seventh Circuit upon review of the denial of the stay. Alternatively, Federal Electric can make those arguments to the Benefits Review Board in the appeal now pending before it, and again later, if necessary, to the Seventh Circuit upon review under 33 U.S.C. § 921(c) of the Board's ultimate decision regarding the underlying claim. Congress did not intend for district courts to entertain such arguments, however. Instead, the separate appellate mechanisms just outlined above were established to hear those sorts of arguments.[1] *See Jour-*

dan *v. Equitable Equipment Co.*, 889 F.2d 637 (5th Cir.1989) (employer challenging district court's entry of judgment under 33 U.S.C. § 918(a) forfeited its right to raise an issue regarding the substance of the underlying compensation order because it failed to raise the issue in the proper channel for appeal).

Defendant's case, *Tideland Welding Service v. Director, OWCP*, 817 F.2d 1211 (5th Cir.1987) does not contradict this court's analysis of the statutory framework. In *Tideland,* the Circuit Court explains that at first it erroneously took an expedited appeal of an Administrative Law Judge's decision granting compensation to an injured employee and that in connection with the expedited appeal, it granted a stay. Once the Fifth Circuit recognized that it lacked jurisdiction over an appeal of an ALJ's decision, it vacated its stay and dismissed the appeal. *Tideland* did not involve an appeal of the denial of a stay by the Benefits Review Board.

■ Although no complaint or summons was ever issued in the present case, Federal Electric and Cigna now have actual notice of the filing of the certified copy of the supplementary order. Federal Electric has made appearances in this court and has filed a motion for relief from default judgment as well as a fifteen page reply brief, but has failed to raise the argument that the district director did not follow the procedures required by § 918(a). The court was thus provided no basis to doubt the certified supplementary order which recites that the district director followed the procedures. Accordingly, the court finds that the supplementary order was "in accordance with law" and judgment should be entered pursuant to 33 U.S.C. § 918(a) in the amount declared to be in default in the supplemental order.

---

1. Presumably, an appeal to the Seventh Circuit of the present decision would also be limited to the issue of whether the procedures of § 918(a) were followed, because Federal Electric has waived the right to appeal the Benefit Review Board's denial of the stay and is not yet in a position to appeal the final decision of the Board pertaining to the underlying merits of

Schmit's claim. *See Jourdan v. Equitable Equipment Co.*, 889 F.2d 637, 640 (5th Cir.1989). 33 U.S.C. § 918(a) states that "Review of the judgment ... may be had as in civil suits for damages at common law," *i.e.*, that the procedure for appeal in this case is the same as for any other civil suit.

*Conclusion*

For the foregoing reasons, judgment is entered in favor of William Schmit and against the employer Federal Electric International, Inc. and the insurance carrier/adjustor Cigna in the amount of $134,079.53.