**Manuel BURGO, Plaintiff,**

v.

**GENERAL DYNAMICS, Defendant.**

**Civil No. 3:95mc122 (DJS).**

United States District Court,
D. Connecticut.

Dec. 24, 1996.

William N. Batty, Jr., Batty & Stein, Boston, MA, for Plaintiff.

Booth M. Kelly, Jr., Murphy & Beane, New London, CT, for Defendant.

## MEMORANDUM OPINION

SQUATRITO, District Judge.

This Court entered judgment granting the plaintiff's supplemental compensation order on June 18, 1996. On September 13, 1996, the defendant, General Dynamics, filed a motion for relief from this judgment (Doc. # 14), under Fed.R.Civ.P. 60(b), because of mistake or inadvertence. For the reasons stated below, the defendant's Motion for Relief From Judgment is denied.

## I. FACTS

The facts of this case are not in dispute. The plaintiff, Manuel Burgo, filed claims with the United States Department of Labor against his employer, General Dynamics, for injuries he sustained arising out of his employment, pursuant to the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901, *et seq.* (Pl.'s Amended Pet. (Doc. # 6) at ¶ 5.) On August 31, 1994, Administrative Law Judge ("ALJ") David W. DiNardi awarded the plaintiff compensation in the amount of $140,000, under section 8(I) of the Act. (*Id.* at ¶ 6.) The LHWCA District Director formally filed this order in his office on September 13, 1994 (*Id.* at ¶ 7.), thereby triggering the ten-day period under § 914(f). The defendant received this order on September 16, 1994, and, on September 19, 1994, mailed a check in the amount ordered to the plaintiff's attorney. (Def.'s Mem. (Doc. # 15) at 1.) The plaintiff's attorney received the check on September 26, 1994. (*Id.* at 1.)

The plaintiff contends that the proceeds were not received within ten days after becoming due, that is, ten days from when the order was filed on September 13, 1994. Pursuant to § 914(f) of the LHWCA, the plaintiff further claims that the defendant owes him additional compensation pursuant to the LHWCA § 914(f), which provides, in relevant part:

[i]f any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof ...

33 U.S.C. § 914(f). The defendant failed to pay the additional compensation under § 914(f). Therefore, on October 31, 1994, the plaintiff filed a request for a supplemental compensation order pursuant to § 918(a).

The LHWCA District Director indicated that the defendant and its insurance carrier submitted "information" contesting the supplemental compensation order (Supp. Comp. Order (Doc. # 1) at 1.), on the theory that the ten-day period provided for in § 914(f) excludes interim weekends and holidays. However, neither the defendant, nor its insurance carrier, requested a hearing on the supplemental compensation claim until after the District Director conclusively ruled that supplemental compensation was proper. Holding that the defendant did not pay compensation within ten days of it becoming due, as the September 13, 1994, order directed,

the District Director awarded the plaintiff supplemental compensation in the amount of $28,000. (Supp. Comp. Order (Doc. # 1) at 2–3.)

Counsel for the defendant filed a motion for reconsideration of the award order on November 23, 1994, contending that the District Director failed to calculate accurately the ten-day payment period under § 914(f), in accordance with Fed.R.Civ.P. 6(a). Rule 6(a) states that when calculating a time period of less than eleven days, interim weekends and holidays should be excluded. Fed. R.Civ.P. 6(a). Using this method of calculation, the deadline for payment of the September 13, 1994, order would be September 27, 1994, thus making the defendant's September 26th payment timely.

On November 23, 1994, after filing a motion for reconsideration, the defendant requested a hearing with the District Director. (Def.'s Mem. (Doc. # 15) at 2.) Although the District Director denied the request for a hearing (*Id.*), he did consider the defendant's argument. (Dec. on Mot. for Recon. (Doc. # 1).) Nonetheless, the District Director denied the reconsideration request on December 5, 1994. (*Id.*) The District Director based his decision on the strict interpretation of the language of § 914(f), finding that "[s]ection 914(f) of the Act contains the express statutory provision to prevail over the rules specified in 6(a) of the Federal Rules Of Civil Procedure." (*Id.* at 2.)

On March 29, 1995, the plaintiff filed a complaint with this Court to enforce the supplemental compensation order. On January 31, 1996, this Court found the complaint to be defective. The plaintiff then filed with this Court an amended petition for the enforcement of the supplemental compensation order on June 17, 1996. This Court entered judgment on the supplemental compensation order on June 18, 1996, and clarification of judgment *nunc pro tunc* was filed on June 20, 1996.

On September 13, 1996, the defendant filed a motion for relief from judgment of the supplementary compensation order granted on June 18, 1996, pursuant to Fed.R.Civ.P. 60(b). The defendant claims that by reasons of mistake or inadvertence this Court was not aware of all the facts involving whether the order was in accordance with the law. It is this motion the Court currently considers in the following discussion.

## II. SCOPE OF REVIEW

The LHWCA was enacted to give injured employees a vehicle for prompt and certain recovery of some damages; in return, the employees waive their right to claim full damages in civil proceedings. Likewise, employers gain lower limits on potential liability in return for foregoing common-law defenses. *See Schmit,* 986 F.2d at 1106 (*citing Potomac Elec. Power Co. v. Director, Office of Workers' Compensation Programs,* 449 U.S. 268, 282, 101 S.Ct. 509, 516–17, 66 L.Ed.2d 446 (1980)). Congress enacted § 918(a) in order to provide a "quick and inexpensive mechanism for the prompt enforcement of unpaid compensation awards . . ." *Tidelands Marine Serv. v. Patterson,* 719 F.2d 126, 129 (5th Cir.1983).

The LHWCA provides that substantive review of a compensation order is to be held internally, by a Benefits Review Board established by the Secretary of Labor; the LHWCA also provides that the United States Court of Appeals may review that order. 33 U.S.C. § 921. Congress, intending the district court to play a very limited role in executing the act, restricted the district court's role to enforcing administrative orders. *Schmit v. Fed. Elec. Int'l,* 780 F.Supp. 1213, 1217 (N.D.Ill.1991). In determining whether a supplementary order is "in accordance with the law," the district court's review is limited to ensuring whether the District Director, before issuing the supplementary order, followed procedures set forth in 33 U.S.C. § 918(a). *Abbott v. La. Ins. Guaranty Ass'n,* 889 F.2d 626, 630 (5th Cir. 1989) *cert. denied,* 494 U.S. 1082, 110 S.Ct. 1813, 108 L.Ed.2d 944 (1990); *Schmit v. ITT Fed. Elec. Int'l,* 986 F.2d 1103, 1106 (7th Cir.1993).

On August 29, 1995, the Benefits Review Board properly held that it lacked jurisdiction to hear General Dynamics's appeal of the District Director's supplemental order. (Joint Proposal Rec., Ex. 5.) Review of the

District Director's supplemental default order is available only in enforcement proceedings in federal district court. (*Id.,*) *See Lauzon v. Strachan Shipping Co.,* 782 F.2d 1217, 1219, n. 2 (5th Cir.1985); *Tidelands Marine Serv. v. Patterson,* 719 F.2d 126, 129 (5th Cir.1983).

## III. DISCUSSION

Under Rule 60(b)(1), of the Federal Rules of Civil Procedure, the court, in its discretion, may relieve a party from final judgment based upon "mistake, inadvertence, surprise or excusable neglect." This Court first must determine whether there has been a mistake or inadvertence invoking Rule 60(b)(1), as the defendant claims.

Apparently, the defendant claims in its Rule 60(b) motion, that judgment by this Court on June 18, 1996, should not have been entered on the supplemental compensation order. The mistake complained of is that the District Director's actions regarding the supplemental order were not "in accordance with the law." The defendant puts forth two reasons to support this contention: (A) the time period under § 914(f) was not calculated "in accordance with the law;" and (B) the District Director failed to grant the defendant a hearing.

## A. Time Period Not Calculated "In Accordance With The Law."

■ The defendant's first argument is that the District Director did not calculate the ten-day time period for payment of compensation under § 914(f), "in accordance with the law," because he did not exclude interim weekends and holidays, as set forth in Fed.R.Civ.P. 6(a). The defendant claims that Rule 6(a) should control the time period calculation of § 914(f) because, under Fed.R.Civ.P. 81(a)(6), the Federal Rules of Civil Procedure shall apply to §§ 918 and 921, of the LHWCA. Although § 914 is not mentioned in Rule 81(a)(6), the defendant contends that Rule 81(a)(6) applies because a § 914(f) assessment is a "supplementary order" within the meaning of § 918(a). *See Quave v. Progress Marine,* 912 F.2d 798, 800 (5th Cir.1990), *cert. denied,* 500 U.S. 916, 111 S.Ct. 2012, 114 L.Ed.2d 99 (1991).

Federal Rule of Civil Procedure 81(a)(6) specifically provides that:

> [t]hese [Federal Rules of Civil Procedure] apply to proceedings for enforcement or review of compensation orders under the Longshoremen's and Harbor Workers' Compensation Act ... U.S.C., Title 33, §§ 918, 921, except to the extent that matters of procedure are provided for in that Act.

Fed.R.Civ.P. 81(a)(6). This Court finds that calculation of the ten-day time period under § 914(f), does not incorporate Fed.R.Civ.P. 6(a), for several reasons.

First, the plain language of Fed.R.Civ.P. 81(a)(6) does not include § 914 of the LHWCA. Rule 81(a)(6) specifically sets apart the two sections it incorporates, §§ 918 and 921. Because § 914 is not mentioned, it apparently was excluded intentionally. Furthermore, Rule 81(a)(6) applies to "proceedings for enforcement or review under the Longshoremen's and Harbor Workers' Compensation Act ..." Fed.R.Civ.P. 81(a)(6). The ten days to which § 914(f) refers is a time period for payment of compensation, and does not pertain to "proceedings for enforcement or review." Therefore, § 914 is not within the scope of Rule 81(a)(6). *Reid v. Universal Maritime Serv. Corp.,* 41 F.3d 200, 202 (4th Cir.1994).

Second, even assuming that Rule 81(a)(6) does not exclude § 914(f) of the LHWCA, § 914(f) already provides for matters of procedure, and, where "matters of procedure are provided for in that Act," the Federal Rules of Civil Procedure do not apply. Fed.R.Civ.P. 81(a)(6). *See also* 33 U.S.C. § 914(f). By analogy, Courts have held that Fed.R.Civ.P. 4, which requires service with a summons and complaint, does not apply to 33 U.S.C. § 918(a) enforcement proceedings because proper enforcement procedures are provided for in the Act. *See Jourdan v. Equitable Equip. Co.,* 889 F.2d 637, 639 (5th Cir.1989); *Delgado v. Becker and Assocs.,* 1993 WL 515776 (E.D.La.). "The plain language of the statute directs the district court upon the filing of a copy of the order to enter judgment without further process." *Delgado,* 1993 WL 515776, *2. Similarly, a number

of courts have refused to apply Fed.R.Civ.P. 6(e), in order to extend the ten-day period in § 914(f) by the three days that Rule 6(e) allows when notice of action is served by mail. *See, e.g. Lauzon v. Strachan Shipping Co.,* 782 F.2d 1217 (5th Cir.1985). "A reading of the entire act indicates that the remedies provided by the Act were meant to be prompt remedies." *Lauzon v. Strachan Shipping Co.,* 602 F.Supp. 661, 663 (S.D.Tx. 1985), *aff'd,* 782 F.2d 1217 (5th Cir.1985).

Section 914(f) states that the District Director shall add twenty percent of the amount in default if compensation "is not paid within ten days after it becomes due." 33 U.S.C. § 914(f). The "[plain] language of the statute is clear. To find that it means anything other than simply 'ten days,' we need to add the word 'business' or some other similar language." *Reid,* 41 F.3d at 200. There is no such language indicating that ten days means a time period greater than ten days. In fact, extending the ten-day period by excluding interim weekends and holidays would undermine the expressed purpose of the LHWCA: to provide employees with a "quick and inexpensive mechanism for the prompt enforcement of unpaid compensation awards." *Tidelands,* 719 F.2d at 129; *see also Schmit,* 986 F.2d at 1106.

This Court finds that the District Director's calculation of the ten-day time period under 33 U.S.C. § 914(f) was "in accordance with the law." Therefore, the time period calculation does not constitute a mistake capable of invoking Rule 60(b).

**B. Failure To Grant A Hearing After Defendant's Motion For Reconsideration.**

■ The defendant's second argument is that the District Director's actions are not in accordance with the law because the District Director failed to grant the defendant a hearing. Because this is a procedural argument, it falls within the scope of this Court's review.

The defendant failed to pay the compensation due, as awarded by the ALJ, in a timely manner, thus invoking § 914(f). The defendant then failed to pay the twenty percent additional compensation due under § 914(f).

This default invoked § 918(a) of the Act, thereby requiring the District Director to follow procedures set forth in § 918(a). This section provides that: "after investigation, notice and hearing, as provided in section 919 of this title, the deputy commissioner shall make a supplementary order...." 33 U.S.C. § 918(a). Section 919 of Title 33 provides that after filing a claim for compensation and providing notice to the employer, the deputy commissioner shall make "such investigations as he considers necessary in respect of the claim, and upon application of any interested party shall order a hearing thereon." 33 U.S.C. § 919(c).

The District Director followed these statutory procedures before he issued the supplemental order. Although the District Director issued the order without a hearing (Def.'s Mem. In Supp. Mot. For Rel. at 3.), this is not material because neither party requested a hearing before the District Director issued the order, and the statute does not require a hearing if one is not requested.

After the District Director issued the supplemental order, the defendant filed a motion for reconsideration of that order, and at that time requested a hearing. Without holding the requested hearing, the District Director denied the defendant's motion for reconsideration. The defendant argues that a hearing, once requested, is mandatory, and because the District Director failed to hold the "mandated" hearing, his decision to deny the motion for reconsideration is not in accordance with the law. (*Id.* at 4.)

The defendant fails to demonstrate, however, that a hearing is mandatory after a supplemental order is issued. The language of the LHWCA that the defendant cites to support his argument applies to the investigation and hearing of pending claims: "upon application of any interested party [the District Director] shall order a hearing thereon." 33 U.S.C. § 919(c). At the time the defendant applied for a hearing (after filing of the motion for reconsideration), the plaintiff's claim was no longer pending but already had been finally decided by the District Director. As the language of the statute indicates, § 919(C) applies to the time before the Dis-

trict Director issues a supplementary order: "[a]fter investigation, notice, and hearing, as provided in section 919 of this title, the [District Director] shall make a supplementary order ..." 33 U.S.C. § 918(a). Section 918(a) goes on to specifically state that: "[s]uch supplementary order of the [District Director] shall be final ..." The statutory language indicates that once the District Director renders a final decision, § 919(C) no longer applies. *See* 33 U.S.C. § 918(a).

When the defendant received notice that the plaintiff filed a claim for supplementary compensation pursuant to § 914(f), the defendant then had the opportunity to demand a hearing. *See* 33 U.S.C. § 919. The defendant failed to request a hearing at this time, and the language of the LHWCA does not guarantee him another opportunity for a hearing once the District Director issues the supplemental order.

The LHWCA provides that a "supplementary order of the deputy commissioner shall be final," 33 U.S.C. § 918(a), and the Court finds no decisions which support the defendant's contention that the District Director is required to hold a hearing once a final decision has been made. In fact, the only relevant case this Court could find addressing this issue held that "no additional hearing is required where a final adjudication of default has been made on the part of the employer." *Jourdan v. Equitable Equip. Co.* 1989 WL 11089 (E.D.La.); *relying on Lauzon v. Strachan Shipping Co.*, 782 F.2d 1217 (5th Cir. 1985) (stating no supplementary compensation hearing required where material facts regarding late payment were not in dispute, but the legal impact of those facts were in issue).

Since the Court finds no support for the defendant's contention that it was entitled to a hearing after the District Director rendered a final supplemental default order, the Court cannot find that the District Director's failure to grant a hearing was not "in accordance with the law."

## IV. CONCLUSION

This Court concludes that the procedural steps the District Director took were "in accordance with the law." Since this Court finds that the District Director's actions regarding the supplementary order were lawful, there is no mistake or inadvertence capable of invoking Rule 60(b) relief from judgment. Pursuant to the LHWCA, the district court shall "enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with the law." 33 U.S.C. § 918(a). This Court properly entered judgment granting the plaintiff's supplemental compensation order on June 18, 1996

For the reasons stated above General Dynamics's Motion for Relief from Judgment (**document # 14**) is **DENIED.**

It is so ordered.