**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-31164

ROBERT HARVEY

Plaintiff - Appellee

v.

LOUISIANA INSURANCE GUARANTEE ASSOCIATION

Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-cv-00459

Before KING, GARWOOD, and DAVIS, Circuit Judges.

PER CURIAM:[*]

The Louisiana Insurance Guaranty Association ("LIGA") appeals the district court's order granting summary judgment against it in an enforcement action. Because the supplemental default order filed with the district court is "in accordance with law," we affirm the district court.

I.

Robert Harvey was an employee of Baton Rouge Marine Contractors ("BRMC") from 1965-1977, during which time he was exposed to asbestos. An

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

administrative law judge ("ALJ") determined that under the Longshoremen and Harbor Workers' Compensation Act ("LHWCA"), BRMC and LIGA, which was in the role of BRMC's insurer, were liable for Harvey's claims related to this exposure. BRMC's liability insurer at the time of Harvey's employment, Employer's National Insurance Corporation ("Employer's"), had been declared insolvent, and the ALJ determined that LIGA stepped into Employer's shoes and took on Employer's obligations. LIGA was created by the Louisiana legislature to pay claims against insurance companies that have been declared insolvent.

Neither LIGA nor BRMC paid Harvey's claims, and Harvey filed a request for a supplemental order to be issued under section 18 of the LHWCA. Under § 918(a), an individual may receive a supplemental order of default if payment under an award of compensation is not made within thirty days. 33 U.S.C.A. §918(a). The District Director issued a Supplemental Default Order, requiring LIGA to pay the claim amount. The order also added a twenty percent penalty for LIGA's failure to timely pay, and declared both the penalty and the original claim amount in default. Harvey filed the current action to enforce the Supplemental Default Order. LIGA then filed Third-Party Demands against a number of insurers who issued liability policies to BRMC for years other then when Harvey was employed. Both Harvey and BRMC moved for summary judgment, which the district court granted, and the district court also dismissed the Third-Party Demands for lack of subject matter jurisdiction. LIGA sought a stay of the district court's judgment, which was granted by this court, and now appeals the grant of summary judgment.

II

The district court shall "enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with law." § 918(a). We review a grant of summary judgment *de novo*, applying the same standards as the district court. *Hayward v. U.S. Dep't of Labor*, 536 F.3d

376, 379 (5th Cir. 2008). Therefore, we review the Supplemental Default Order to determine if it is in accordance with law.

In *Abbott v. Louisiana Insurance Guaranty Ass'n*, 889 F.2d 626 (5th Cir. 1989), this court examined the standards for determining if a supplemental order issued under § 918(a) is in accordance with law. There, we said "a supplemental order of default is 'in accordance with law' as required by section 18(a) [of the LHWCA] if the Deputy Commissioner has correctly followed the procedures outlined"in that section.[1] "The Deputy Commissioner must investigate the claimant's application, provide notice of the claim to interested parties, and give the parties an opportunity for a hearing in the manner specified in section 19 of the [LHWCA]." *Abbott*, 889 F.2d at 629. The amount of the award must be calculated, and the supplemental order must be filed in the same manner as a compensation order, and the Deputy Commissioner must notify the responsible parties. § 918(a); *Abbott*, 889 F.2d at 629.

Here, LIGA presents no argument that the Supplemental Default Order is not in accordance with law under these criteria. LIGA does not allege that the commissioner failed to investigate Harvey's claim, or that it did not receive notice. The undisputed facts establish that all necessary steps were taken. The parties received notice of the claim, and were all represented at a conference before the ALJ.

---

[1] Section 918(a) provides the procedures that are to be followed in obtaining a supplemental order:

> (a) In case of default by the employer in the payment of compensation due under any award of compensation for a period of thirty days after the compensation is due and payable, the person to whom such compensation is payable may, within one year after such default, make application to the deputy commissioner making the compensation order or a supplementary order declaring the amount of the default. After investigation, notice, and hearing, as provided in section 919 of this title, the deputy commissioner shall make a supplementary order, declaring the amount of the default, which shall be filed in the same manner as the compensation order.

Instead, LIGA argues that the insurance companies which covered BRMC for years other than when Harvey was employed should be held liable. These insurance companies appeared on behalf of themselves and BRMC at the hearing before the ALJ without any "reservation of rights" to deny coverage. LIGA argues that these insurance companies have therefore waived any coverage defense available to them; thus they have coverage and must pay Harvey's claims. Under the statute creating LIGA, individuals must exhaust their claims against all other available insurance before proceeding against LIGA. LA. REV. STAT. ANN. § 22:2062(A) (2005). It follows, according to LIGA, that Harvey must pursue his claims against these other insurance companies before Harvey can collect from LIGA. LIGA also argues that the district court's dismissal of its Third-Party Demands against the other insurance companies for lack of subject matter jurisdiction was improper.

Despite LIGA's arguments, this court's review is limited to whether the Supplemental Default Order is in accordance with law. It is not within this court's purview to determine "the procedural or substantive correctness of the underlying compensation orders." *Abbott*, 889 F.2d at 630. Therefore, the grant of summary judgment and the dismissal of LIGA's Third-Party Demands were proper. Review of the substantive correctness of an order is left to the Benefits Review Board ("BRB"), and LIGA's appeal to that body is currently pending. *See Jourdan v. Equitable Equip. Co.*, 889 F.2d 637, 640 (5th Cir. 1989) ("The issue of which carrier is ultimately liable. . . should have been raised in the proceedings before the ALJ and appealed to the BRB after the ALJ issued the Compensation Order."). In its appeal before the BRB, LIGA is presenting the same arguments it presents here. After the BRB reviews the merits of LIGA's claims and issues its order, LIGA can then appeal that order to this court under the provisions of 33 U.S.C. § 921(c), at which this time the court can determine

if the ALJ's decision was supported by substantial evidence. *See La. Ins. Guar. Ass'n v. Abbott*, 40 F.3d 122, 124 (5th Cir. 1994).

LIGA also argues that enforcing the judgment against it while its appeal before the BRB is pending violates its due process rights. Under § 921(b)(3), the BRB can issue a stay as to the payment of an award amount if "irreparable injury" can be demonstrated by the payor. LIGA did not file a motion for stay, and argues that the irreparable injury standard is impossibly high. However, a high standard does make receiving a stay impossible. The "comprehensive system of review" provided for by the LHWCA, which "includ[es] the opportunity to petition for a stay" protects a payor's due process rights. *Abbott*, 889 F.2d at 632.

## III.

We therefore conclude that the Supplemental Default Order is "in accordance with law" and that summary judgment was appropriate. The dismissal of the Third-Party Claims was proper, and LIGA's argument that its due process rights are being violated is without merit.

The judgment of the district court is AFFIRMED and the stay is LIFTED.