**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1039**

JIMMY CHIP E,

            Plaintiff – Appellant,

        and

MICHELLE M; PETER B; KAREN W,

            Plaintiffs,

        v.

BEVERLY BUSCEMI; KELLY FLOYD; SOUTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES, The; SOUTH CAROLINA DEPARTMENT OF DISABILITIES AND SPECIAL NEEDS, The; ANTHONY KECK; RICHARD HUNTRESS; NIKKI RANDHAWA HALEY; MARSHALL C. SANFORD,

            Defendants – Appellees,

        and

EMMA FORKNER,

            Defendant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  J. Michelle Childs, District Judge; Timothy M. Cain, District Judge.  (6:10-cv-00767-TMC)

Submitted:  April 21, 2016            Decided:  April 29, 2016

Before MOTZ, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

_____

Patricia Logan Harrison, Columbia, South Carolina; Kenneth C. Anthony, Jr., ANTHONY LAW FIRM, Spartanburg, South Carolina, for Appellant. William H. Davidson, II, Kenneth P. Woodington, DAVIDSON & LINDEMANN, P.A., Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jimmy Chip E ("Chip"), a participant in South Carolina's Medicaid waiver program, appeals from the district court's order dismissing his claims as moot. We have reviewed the parties' briefs and the joint appendix, and we find no reversible error. Accordingly, we affirm substantially for the reasons stated by the district court. E v. Buscemi, No. 6:10-cv-00767-TMC (D.S.C. Mar. 7, 2013).

We address two issues separately. First, Chip contends that he has a right to receive services ordered by his treating physician and that Defendants' failure to promptly provide such services violates the Medicaid Act, 42 U.S.C. § 1396a (2012), and 42 U.S.C. § 1983 (2012). As a result, Chip asserts that this portion of his complaint was improperly dismissed. Chip's claim is without merit for several reasons.

First, Chip rests his claim on a one-page 2010 affidavit from his treating physician. This does not purport to be an "order," nor does it state that, in the absence of the specific care recommended, Chip would face risk of institutionalization. Second, while a treating physician's opinion is entitled to deference, agencies are not bound by a treating physician's statement. See 42 U.S.C. § 1396n(i)(1)(G)(ii)(I)(aa) (2012) (providing that the treating physician should be consulted in determining a care plan); see also Moore ex rel. Moore v. Reese,

3

637 F.3d 1220, 1255 (11th Cir. 2011) (holding that a private physician's word is "not dispositive"). Finally, there is no evidence in the record that Chip or his physician formally requested any additional services. Had he done so, any denial or unreasonable delay would be subject to review through the state administrative process, and potentially beyond. See Doe v. Kidd, 501 F.3d 348, 351-52 (4th Cir. 2007) (describing the process for service and assistance requests in South Carolina).

Next, Chip raised a claim that his due process rights were violated when he did not receive the proper notification and hearing prior to the denial, reduction, or termination of his services. However, proof of denial of due process in an administrative proceeding requires a showing of substantial prejudice. Jourdan v. Equitable Equip. Co., 889 F.2d 637, 640 (5th Cir. 1989). Here, the administrative proceeding was resolved in Chip's favor, and his services were not reduced. Had there been a reduction, Chip could have raised his due process claims in his administrative appeal and received proper review. Because Chip has alleged no injury personal to him, his claim is without merit.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED